ANDREW S. TULUMELLO, SBN 196484
 atulumello@gibsondunn.com
CHANTALE FIEBIG, *pro hac vice forthcoming*
 cfiebig@gibsondunn.com
ARIANNA M. SCAVETTI, *pro hac vice forthcoming*
 ascavetti@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile:  202.467.0539

*Counsel for Defendant Frito-Lay North America, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI SVENSRUD<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRITO-LAY NORTH AMERICA, INC., a Delaware Corporation, and DOES 1-10<br><br>　　　　　Defendant. | Case No.: 8-20-cv-00714<br><br>**NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of California for the County of Orange, No. 30-2020-01136526-CU-NP-CXC)<br><br>Action Filed:  March 4, 2020 |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Frito-Lay North America, Inc. ("Frito-Lay") hereby gives notice of removal of this action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California. Removal is proper because (1) this Court has jurisdiction over the case, and (2) the

Central District of California is the district in which the state court litigation is pending. Frito-Lay appears specifically and only for the purpose of removal, and preserves any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. In support of this Notice of Removal, Frito-Lay states as follows:

1. Named Plaintiff, Tami Svensrud, filed a complaint (the "Complaint") on March 4, 2020, in the Superior Court of California for the County of Orange, bearing the case number 30-2020-01136526-CU-WP-CXC (the "Removed Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Superior Court Summons, Superior Court Civil Case Cover Sheet, Superior Court Notice of Case Assignment, and Superior Court Docket Sheet are attached as Exhibits A–E respectively. This notice of removal has been timely filed within the period allowed for removal under 28 U.S.C. §§ 1446(b) and 1453(b).

2. On March 11, 2020, Plaintiff served the Complaint and summons on Frito-Lay's registered agent for service of process in California. Cal. Civ. Proc. Code § 416.10; *see also Yamaha Motor Co. v. Superior Court*, 174 Cal. App. 4th 264, 272 (2009)("a summons may be served on a corporation by delivering a copy of the summons and the complaint to the person designated as agent for service of process") (internal quotation omitted).

3. The Complaint asserts claims for violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et. seq.), False Advertising Law (Cal. Bus. & Prof. Code § 17500, et seq.), and Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et. seq.), based on Plaintiff's contention that Frito-Lay's labeling of its Ruffles Cheddar & Sour Cream Flavored Potato Chips (the "Product") violates applicable laws and regulations. Compl. ¶¶ 47-65.

4. Plaintiff brings a putative class action on behalf of "all persons who purchased Defendant's product in California within the last four years for personal consumption." Compl. ¶¶ 11, 37.

5. As set forth more fully below, this Court has jurisdiction over this matter, and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## JURISDICTION UNDER CAFA

6. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (partially codified at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2), (d)(5). Each of these four requirements is satisfied in this case.

7. First, the case is a purported class action. *See* Compl. ¶¶ 35-46 ("Class Action Allegations").

8. Second, this case satisfies the minimal diversity requirement: that "any member" of the plaintiff class be a citizen of a state different from "any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen and resident of California. Compl. ¶ 9. Frito-Lay North America, Inc. is a Delaware corporation and has its principal place of business in Texas. Compl. ¶ 10.

9. Third, the putative class consists of at least 100 members. Plaintiff seeks to represent all persons who purchased the Product in California over a four-year period, Compl. ¶ 37, and acknowledges that "the size is obviously over 100 given the popularity of Ruffles brand potato chips," *id.* ¶ 39.

10. Fourth, the amount in controversy exceeds $5,000,000, exclusive of costs and interest. Unlike other bases for removal, a defendant need not show that the named plaintiff or any class member in particular has an amount at stake in excess of the jurisdictional amount; rather, the defendant need only show that the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

11. Here, among other relief, Plaintiff seeks "restitution and disgorgement

of Defendant's revenues" from Ruffles Cheddar & Sour Cream Potato Chips across California over the last four years.  Compl., Prayer for Relief ¶ 6.

12. Plaintiff also asserts that the putative class members may be entitled to refunds of their purchases up to the full purchase price, based on her allegation that as a result of the purportedly unlawful practices, Plaintiff "would not have purchased the product or would not have paid the full purchase price."  Compl. ¶ 12; *see also id.* ¶ 41 (alleging that Frito Lay caused Plaintiff and the class members to "suffer[ ] the same injuries and damages . . . .")

13. Plaintiff also seeks individual and class-wide damages, including, "compensatory, general, statutory, exemplary, and any other damages legally available according to proof on certain causes of action."  Compl., Prayer for Relief ¶ 6.

14. Thus, Plaintiff seeks monetary relief on behalf of all putative class members, amounting up to the full purchase price of the Product, as well as disgorgement amounting to any benefits received by Frito-Lay resulting from sales of the Product to putative class members.

15. Attached hereto as Exhibit F is the Declaration of Boyd Smythe, Senior Director of Revenue Management Strategy at Frito-Lay (the "Smythe Declaration"). The Smythe Declaration establishes that, contrary to Plaintiff's conclusory assertions in the Complaint (*see* ¶ 17), the amount in controversy far exceeds $5,000,000.  In his Declaration, Mr. Smythe states that Frito-Lay's annual sales revenues from Ruffles Cheddar & Sour Cream Potato Chips in California was in excess of $5,000,000 *each year* in 2016, 2017, 2018, and 2019.  Smythe Decl. ¶¶ 3-6.  In light of Plaintiff's claims stating she seeks up to a full refund of the Product's purchase price on behalf of the putative California class, as well as disgorgement of revenue Frito-Lay obtained from sales in California over the full four-year putative class period, the amount in controversy in the action is clearly greater than $5,000,000.

16. The Smythe Declaration establishes that the requisite minimum amount in controversy is easily satisfied. Thus, the fourth and final requirement of CAFA is satisfied and removal is proper.[1]

## REMOVAL PROCEDURES

17. The CAFA removal statute states that class actions may be removed to federal court "in accordance with section 1446." 28 U.S.C. § 1453(b).

18. Consistent with 28 U.S.C. § 1446, Frito-Lay is providing this Notice of Removal, which contains the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Notice of Removal has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.*

19. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Orange.

20. By filing this Notice of Removal, Frito-Lay expressly preserves and does not waive any defenses that may be available to it. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Frito-Lay does not concede that the jurisdictional amount is recoverable. Rather, Frito-Lay denies that any amount or relief is recoverable by Plaintiff or the putative class.

21. Consistent with the requirements of the statute, copies of all process, pleadings, and orders served upon Frito-Lay North America, Inc. in the Removed

---

[1] Moreover, in addition to seeking monetary relief, Plaintiff also seeks injunctive relief, including "an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign." Compl. ¶ 65. "The amount in controversy may include damages . . . and the cost of complying with an injunction[.]" *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks omitted). The injunctive relief sought by Plaintiff further confirms that the amount in controversy exceeds the jurisdictional amount.

1 Action are attached hereto as Exhibit C. 28 U.S.C. § 1446(a).

2     22.    Service on Frito-Lay was completed on March 11, 2020 upon Plaintiff's delivery of its summons by process server pursuant to Cal. Civ. Proc. Code § 415.10. This Notice is filed within 30 days of service and is therefore timely pursuant to 28 U.S.C. § 1446(b).

    23.    WHEREFORE, Frito-Lay removes the state court action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California.

Dated: April 10, 2020

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP,

By: <u>s/ Andrew S. Tulumello</u>
     Andrew S. Tulumello

*Counsel for Defendant Frito-Lay North America, Inc.*

# CERTIFICATE OF SERVICE

I, Andrew S. Tulumello, hereby certify that I electronically filed the foregoing Notice of Removal with the Court's CM/ECF system. Notice of this filing will be served by overnight mail, with courtesy copies sent via email, to the following parties:

Aashish Y. Desai
The Desai Law Firm
3200 Bristol Street, Ste. 650
Costa Mesa, CA 92626

*Counsel for Plaintiff Tami Svensrud*

Dated: April 10, 2020

/s/ Andrew S. Tulumello
Andrew S. Tulumello