# EXHIBIT A

Case 8:20-cv-00714-JLS-DFM Document 1-1, Filed 04/16/20, Page 2 of 20 Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 03/04/2020 01:48:09 PM
30-2020-01136526-CU-NP-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ORANGE, CIVIL COMPLEX CENTER

Judge Randall J. Sherman

TAMI SVENSRUD, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

FRITO-LAY NORTH AMERICA, INC., a Delaware Corporation, and DOES 1-10, inclusive,

Defendants.

CASE NO.: 30-2020-01136526-CU-NP-CXC

**CLASS ACTION COMPLAINT FOR:**

(1) Violation of the Consumers Legal Remedies Act (Civ. Code § 1750);

(2) Violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et. seq.*);

(3) Violation of California's Unfair Advertising Law (Bus. & Prof. Code § 17500, *et. seq.*)

DEMAND FOR JURY TRIAL

cx-105

**COMPLAINT**

## INTRODUCTION

1. Plaintiff Tami Svensrud brings this class action against Defendant Frito-Lay North America, Inc. ("Defendant" or "Frito-Lay"), on behalf of herself, the general public, and those similarly situated for violations of the Consumer Legal Remedies Act, false advertising, misrepresentation, and the Unfair Competition Law ("UCL").

2. Defendant misleads consumers by failing to label its Ruffles Cheddar & Sour Cream flavored potato chips as containing artificial flavoring.

3. In fact, this product contains artificial butter flavor.

4. In fact, cheddar cheese, one of the products "distinguishable characterizing flavors," also contains artificial flavor.

5. However, the product label does not accurately state "Artificially Flavored Cheddar & Sour Cream" as required by law. Sherman Law, Cal. Health & Safety Code § 110740 (a food is misbranded if it contains artificial flavoring, artificial coloring and chemical preservatives but fails to adequately disclose that fact on their labeling).

6. The addition of butter and cheddar cheese flavor from artificial sources mandates that Defendant identify its product as "Artificially Flavored" **on the front** of the label.

7. Other brands identify their products as "Artificially Flavored" on the front label.

8. Additionally, Defendant hides references to its artificial butter and cheddar cheese flavor in the ingredient list by generally eluding to "artificial flavors," and burying the word "flavor" in an inconspicuous location and color on the front label. The result is a labeling scheme that is designed to mislead consumers -- and which does so effectively.

## THE PARTIES

9. Tami Svensurd is a resident of Orange County, California.

10. Defendant Frito-Lay North America, Inc. is a Delaware corporation with its principle place of business in Plano, Texas.

11. Plaintiff purchased Ruffles, Cheddar & Sour Cream potato chips for personal consumption during the statutory time period for the claims alleged.

1

COMPLAINT

12. She purchased these chips in reliance of the representations made by Defendant. Had Defendant labeled its product accurately, she would not have purchased the product or would not have paid the full purchase price.

## JURISDICTION AND VENUE

13. Plaintiff is a "person" within the meaning of California's Business & Professions Code, § 17201.

14. The injuries, damages and harm upon which this action is based arose out of activities engaged in by Defendant within the State of California.

15. Defendant, a worldwide distributor of snack foods, has engaged, and continues to engage, in substantial and continuous business practices in the State of California, including Orange County.

16. Pursuant to Cal. Civil Code § 1780(d), Plaintiff concurrently files a declaration establishing that, Plaintiff purchased at least one product manufactured and distributed by Defendant during the statutory period. **Exh. 1.**

17. The claims here, while substantial, are collectively worth less than $5,000,000 and, therefore, removal is improper under the Class Action Fairness Act of 2005.

18. Plaintiff does not plead, and hereby disclaims, causes of action under the FDCA and regulations promulgated thereunder by the FDA. Plaintiff relies on the FDCA and FDA regulations only to the extent such laws and regulations have been separately enacted as state law or regulation or provide a predicate basis of liability under the state and common laws cited in this complaint.

## SUBSTANTIVE ALLEGATIONS

19. The back of a bag of Ruffles Cheddar & Sour Cream potato chips confesses that this product contains artificial flavors in the ingredient list, but the product doesn't say that on the front – as is required by California law.



20. Using artificial butter flavoring in a cheddar cheese-flavored product requires a disclaimer **on the front** of the product, not the back or in fine print.

21. "Simply stated: labels matter." This statement by the California Supreme Court in *Kwikset Corp. v. Superior Court (Benson)*, 41 Cal.4th 310 (2011) goes to the heart of this controversy.

22. The California Supreme Court explained that "[t]he marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source."

23. Indeed, California consumers are particularly health conscious. Not all states are created equal when it comes to health. For example, California is routinely at the top of the list as one of America's healthiest states, while Louisiana is often declared the unhealthiest.

24. California has among the lowest obesity.

25. The natural food industry has taken notice. A Consumer Reports National Research Center national study, in 2014, found that nearly 60% of consumers seek natural or healthy food. The percentage is higher today.

26. The natural and health food retail industry enjoyed over $100 billion (from a $448.2 billion total food and beverage retail market) in revenues in 2019, a substantial portion of which comes directly from sales in California.

3

27. Under the Sherman Law, food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or in its labeling. Cal. Health & Safety Code § 110660.

28. Misleading, therefore, covers labels that are technically true, but are likely to deceive consumers.

29. Defendant's label omits the words "Artificially Flavored" on the front of its packaging. This is intentional as Defendant knows that consumers will pay more for its product because it does **not** contain the words "artificially flavored."

30. Other companies, who sell similar products, comply with the law, specifically using the words "artificially flavored" on the **front** of the labeling:

    

31. Furthermore, the ingredients list does not lessen Defendant's deception because "reasonable consumers ... should [not] be expected to look beyond the misleading representations on the front of the box to discover the truth from the ... small print on the side of the box." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

32. Consumers, like Plaintiff, lack the meaningful ability to test or independently ascertain the truth of Defendant's food labeling claims, especially at the point of sale.

33. An average consumer would not know the true nature of the ingredients merely by reading the ingredient label; its discovery requires investigation beyond the grocery store and knowledge of food chemistry beyond that of the average consumer.

34. Defendant is aware that most consumers spend a few seconds deciding what food items to purchase. In that environment, labels really matter.

## CLASS ALLEGATIONS

35.  Plaintiff re-alleges each paragraph of this Complaint as though fully set forth

36.  Plaintiff brings this action against Defendant, on behalf of herself and all others similarly situated, as a class representative pursuant to § 1781 of the California Civil Code.

37.  Plaintiff seeks to represent the following group:

**All persons who purchased Defendant's product in California within the last four years for personal consumption.**

38.  This action may be maintained as a class action because there is a well-defined community of interest in this litigation and the proposed class is ascertainable.

39.  **Numerosity**: Plaintiff does not know the total number of class members, but the size is obviously over 100 given the popularity of Ruffes brand potato chips. Joinder is, therefore, impracticable.

40.  **Common Questions Predominate**: This action involves common questions of law and fact because each class member's claim derives from the same omission of information – namely the "artificially flavored" labeling **on the front** of Defendant's product. Thus, common questions include:

- Whether Defendant was required to label its product as "artificially flavored" on the front of its packaging;
- Whether Defendant's conduct was unlawful, unfair, or deceptive;
- Whether Defendant's labeling was likely to deceive the class members;
- Whether Defendant engaged in this conduct knowingly, recklessly, or negligently;
- The amount of profits and revenues earned by Defendant as a result of the conduct;
- Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature and amount of such relief; and,
- Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

41. **Typicality**: Plaintiff's claims are typical of the class because she purchased Defendant's products based on the same omission of material fact – i.e., failure to include an "artificially flavored" disclaimer on the **front** of the label. Thus, Plaintiff and the class suffered the same injuries and damages arising out of the Defendant's violation of law.

42. **Adequacy**: Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff has no conflict with the interests of the class, and she has retained highly-experienced counsel who have the necessary wisdom and financial resources to adequately and vigorously litigate this class action.

43. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices. Even if every individual class member could afford individual litigation, the court system could not. It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed. Individualized litigation would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

   a) In addition, if each individual class member was required to file an individual lawsuit, the large corporate defendant would necessarily gain an unconscionable advantage because defendant would be able to exploit and overwhelm the limited resources of each individual class member with defendant's vastly superior financial and legal resources. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each class member. Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all class members.

44. The prosecution of separate actions by individual class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to such adjudication or that would substantially impair or impede

the ability of such non-party class members to protect their interests.

45. The prosecution of individual actions by class members could establish inconsistent standards of conduct for Defendant.

46. Defendant has acted, or refused to act, in respects generally applicable to the class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the class as a whole, as requested herein. Likewise, Defendant's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

### FIRST CAUSE OF ACTION
### Violations of The Consumers Legal Remedies Act
### (Cal. Civil Code § 1750, *et. seq.*)

47. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

48. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, et seq. (the "Act"). Plaintiff is a consumer as defined by California Civil Code § 1781(d). The product is a good within the meaning of the Act.

49. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the class which were intended to result in, and did result in, the sale of its product:

   (5) Representing that it has … characteristics … uses [or] benefits … which it does not have ….

   (7) Representing that it is of a particular standard, quality or grade … if it is of another.

   (9) Advertising goods … with intent not to sell them as advertised.

   (16) Representing that the product has been supplied in accordance with a previous representation when [it has] not.

50. Defendant violated the Act by making claims, through its labels, about the product that it knew, or should have known, were unsubstantiated, false and misleading.

51. Pursuant to § 1782 of the Act, Plaintiff has notified the Defendant in writing by certified mail of the particular violations of § 1770 of the Act and demands that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to act. **Exh. 2**.

52. Pursuant to California Civil Code § 1782(d), Plaintiff and the class seek an order enjoining the above-described wrongful acts and practices of the Defendant and for restitution and disgorgement.

53. If Defendant fails to rectify or does not agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within thirty days of the written notice pursuant to § 1782 of the Act, Plaintiff will seek to amend her claims to seek actual, punitive and statutory damages, as appropriate. Defendant's conduct is malicious, fraudulent and wanton and provides misleading information to the Plaintiff, class members and the general public.

## SECOND CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### (Bus. & Prof. Code § 17200, *et. seq.*)

54. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

55. California Business & Professions Code § 17200 prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

56. California Business & Professions Code § 17200 also prohibits any unlawful business act or practice. Defendant has violated § 17200's probation against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating the following:

    a. California Health & Safety Code § 110740, Sherman Act;

    b. California Civil Code § 1750, *et seq.* (the "CLRA"); and,

    c. Common law.

57. Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices. Defendant's conduct, specifically its false and misleading advertising and marketing of the product, is ongoing and continues to this date.

58. Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200 *et seq.* in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as to gravity of conduct that outweighs any alleged benefits attributable to such conduct.

59. As stated in this complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California resulting in harm to consumers. Plaintiff asserts violation of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes of violations of the unfair prong of California Business & Professions Code § 17200 *et seq.*

60. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

61. Business & Professions Code § 17200 also prohibits any "fraudulent business act or practice."

62. Defendant's claims, nondisclosures and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

63. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other class members. Plaintiff has suffered injury in fact and has lost money as a result of the Defendant's unfair conduct.

64. Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff to judgment and equitable relief against Defendant as set forth in the Prayer for Relief.

65. Additionally, pursuant to Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

### THIRD CAUSE OF ACTION
### Violation of California's Unfair Advertising Law
### (Bus. & Prof. Code § 17500, *et seq.*)

66. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

67. Business & Professions Code § 17500 provides that it is unlawful for any person, firm, corporation, or association, or any employee thereof to intentionally directly, or indirectly perform services, professional or otherwise, or to induce the public to enter into any obligation relating thereto, to make or disseminate in any manner any statement which is untrue or misleading, or which, by the exercise of reasonable care should be known to be untrue or misleading.

68. Throughout the time Defendant marketed and sold its product, Defendant has committed acts of untrue and misleading advertising as defined by Business and Professions Code § 17500, by omitting the "artificially flavored" disclaimer **on the front** of its packaging. Defendant made these omissions with the intent to induce members of the public to purchase its product. Indeed, the omission of this statement has a "tendency to deceive" a reasonable person from an objective standpoint.

69. These acts of untrue and misleading advertising by Defendant present a continuing threat to members of the public in that they mislead, and are likely to mislead, the public.

70. Defendant's conduct was unfair, unlawful, or fraudulent, as described herein, and presents a continuing threat to members of the public. Thus, consumers are paying for a product that does not function as advertised. Plaintiff has no other adequate remedy of law to correct this misleading advertising.

71. Wherefore, Plaintiff prays for the relief as set forth hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the class request that the Court enter an order or judgment against Defendant as follows:

1. Certification of a California class for injunctive relief;

2. Certification of a California class under C.C.P. § 382 and Cal. Civil Code §1781 for all other claims;

3. Awarding Plaintiff and the proposed class members damages;

4. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed class members;

5. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing the Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

6. For compensatory, general, statutory, exemplary, and any other damages legally available according to proof on certain causes of action;

7. For both pre- and post-judgment interest at the maximum allowable rate on any amounts recovered;

8. For litigation costs of the proceedings herein;

9. Reasonable attorneys' fees and costs; and

10. Providing such further relief as may be just and proper.

Dated: March 4, 2020

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiff and the Class

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: March 4, 2020

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiffs

# EXHIBIT 1

# DECLARATION OF TAMI SVENSRUD

I, Tami Svensrud, declare as follows:

1. I am a Plaintiff in this action and am a citizen of the State of California. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Orange County is a county in which Plaintiff resides.

3. I purchased Ruffles Cheddar and Sour Cream potato chips within the past year.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on 3/3/2020, at Newport Beach, California.

_____
Tami Svensrud

1
DECLARATION OF TAMI SVENSRUD RE VENUE

# EXHIBIT 2

# DESAI LAW FIRM, P.C.

SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

March 3, 2020

**VIA CERTIFIED U.S. MAIL**

Frito-Lay North America, Inc.
7701 Legacy Drive
Plano, TX 75024

    Re:    *Ongoing Violations of the California Legal Remedies Act*

To Whom It May Concern:

Please give this letter your complete and immediate attention.

**I.    Introduction**

We write on behalf of Tami Svensrud, and a class of similar situated persons, to advise you that Frito-Lay North America, Inc. ("Defendant") has violated and continues to violate the California Consumer Legal Remedies Act ("CLRA").

**II.    Factual Background**

Defendant profits from the marketing, advertising, and distribution of the product "Ruffles Cheddar & Sour Cream" flavored potato chips. Specifically, Defendant's product contains artificial butter and cheddar cheese flavors, but fails to disclose that fact **on the front** of its label as required by law.

Other brands identify their products as "artificially flavored" on the front of their packaging. Thus, Defendant has an unfair business advantage by omitting this disclaimer. Indeed, Defendant knows that it would decrease sales if it placed such disclaimers on its labels – that's why it doesn't do it. Sherman Act, Health & Safety Code § 110740 (a food is misbranded if it contains artificial flavoring, artificial coloring and chemical preservatives but fails to adequately disclose that fact on their labeling).

**III.    Summary of Violations**

Defendant's conduct violates the California Consumer Legal Remedies Act by, without limitation:

Frito-Lay North America, Inc.
    *Re:*   *Ongoing Violations of the California Legal Remedies Act*
March 3, 2020
Page 2

---

1. Failing to include an "artificially flavored" disclaimer on the front of its labeling;

2. Falsely claiming that its product has characteristics, uses, and benefits which it does not have;

3. Falsely representing that this product is of a particular, quality, or grade;

4. Fraudulently inducing consumers to purchase the product;

5. Placing the product for sale to the general public when it does not materially conform to the product's advertisements;

6. Labeling the product in a way that is misleading in material respects; and

7. Creating a likelihood of confusion regarding the product.

## IV. Demand for Relief

We have already filed a lawsuit seeking individual, representative, and class relief. We intend to amend the complaint in this lawsuit to seek monetary damages under the CLRA unless the Defendant does the following within 30 days after receiving this notice:

1. Agrees to irrevocably stop all false and misleading advertising of the product;

2. Identifies consumers who purchased the product within the applicable limitations period and provide these consumers with appropriate refunds;

3. Disgorges all revenues from sales of the product for which the purchasers cannot be identified; and

4. Implements an appropriate corrective advertising campaign, inclusive of a disclaimer.

## V. Offer of Compromise

If Defendant agrees to a stipulated injunction that includes an appropriate labeling disclaimer within 30 days from the date of this letter, we will agree to take no further action in this matter nor make any further claim for relief unrelated to the terms of the stipulated injunction.

Frito-Lay North America, Inc.
    *Re:*    *Ongoing Violations of the California Legal Remedies Act*
March 3, 2020
Page 3

---

    If Defendant will not agree to this, we will amend the current complaint in the lawsuit and will seek all the requested relief available under the CLRA and other applicable law, including monetary damages, injunctive relief, statutory penalties, restitution, and attorneys' fees.

    Please contact me if you would like to discuss this matter.

Very truly yours,

Aashish Y. Desai
DESAI LAW FIRM, P.C.

AYD:sn