ANDREW S. TULUMELLO, SBN 196484
  atulumello@gibsondunn.com
CHANTALE FIEBIG, *pro hac vice*
  cfiebig@gibsondunn.com
ARIANNA M. SCAVETTI, *pro hac vice*
  ascavetti@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Counsel for Defendant Frito-Lay North America*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TAMI SVENSRUD, on behalf of herself and all other similarly situated,

Plaintiff,

v.

FRITO-LAY NORTH AMERICA, INC., a Delaware Corporation, and DOES 1-10, inclusive,

Defendant.

CASE NO. 8:20-cv-00714-JLS-DFM

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**

**Hearing**:
Date: September 28, 2020
Time: 10:30 a.m.
Place: Courtroom 10A
The Honorable Josephine L. Staton

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on September 28, 2020, or as soon thereafter as may be heard by the Honorable Josephine L. Staton, in Courtroom 10A of this Court, Defendant Frito-Lay North America, Inc. ("Frito-Lay") will and does move this Court pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice all of the claims contained in the Class Action Complaint ("Complaint").

Defendant brings this motion on the grounds that Plaintiff's claims seek to impose flavor labeling requirements that are not identical to those imposed by federal law and are thus preempted by the federal Food, Drug & Cosmetic Act and Nutrition Labeling and Education Act; Plaintiff has failed to adequately plead her claims of alleged deception with the factual basis and specificity required by Rules 8(a) and 9(b); Plaintiff has failed to plausibly allege under Rule 12(b)(6) that any objective reasonable consumer would be deceived by the challenged flavor labeling; and Plaintiff has failed to establish Article III standing for her claims for injunctive relief.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and supporting declaration of Priscilla Valtierra, the attached exhibit, and such other written and oral arguments as may be presented to the Court.  This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 15, 2020.

1

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................... 1

BACKGROUND ......................................................................................................... 2

LEGAL STANDARD ................................................................................................. 3

ARGUMENT ............................................................................................................... 4

    A.    Plaintiff's Claims Are Preempted By the Food, Drug & Cosmetic Act ................................................................................................................... 4

    B.    Plaintiff's Claims Fail Under Rules 8(a) and 9(b) ................................... 8

        1.    Plaintiff provides no factual allegations supporting her contentions regarding artificial flavors in the Product. ................... 8

        2.    Plaintiff does not adequately plead her claims of deception. ........ 10

    C.    Plaintiff Fails to Plausibly Allege That A Reasonable Consumer Would Be Deceived By The Challenged Packaging ............................... 12

    D.    Plaintiff Lacks Standing To Seek Injunctive Relief ............................... 15

CONCLUSION .......................................................................................................... 16

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*,
   275 F. Supp. 3d 910 (N.D. Ill. 2017).........................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................3, 8, 11

*Becerra v. Dr Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) ...............................................................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................3, 8

*Brown v. Starbucks Co.*,
   No. 18-cv-2286, 2019 WL 996399 (S.D. Cal. Mar. 1, 2019) .....................12, 13, 14

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) .............................................................15

*Cordes v. Boulder Brands USA*,
   No. 18-cv-6534, 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)...............................16

*Crosby v. Nat'l Foreign Trade Council*,
   530 U.S. 363 (2000)...............................................................................3

*Dvora v. Gen. Mills, Inc.*,
   No. 11-cv-1074, 2011 WL 1897349 (C.D. Cal. May 16, 2011) .......................5, 7, 8

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) .............................................................12, 14

*Figy v. Frito-Lay N. Am., Inc.*,
   67 F. Supp. 3d 1075 (N.D. Cal. 2014)...................................................15

*Forsher v. J.M. Smucker Co.*,
   --- F. Supp. 3d ---, 2020 WL 1531160 (N.D. Ohio Mar. 31, 2020) ...................9, 10

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014).......................................................10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000)...............................................................................15

ii

# TABLE OF AUTHORITIES

Page(s)

*Hairston v. South Beach Beverage Co.*,
    No. 12-cv-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) .............................. 17

*Ivie v. Kraft Foods Glob. Inc.*,
    961 F. Supp. 2d. 1033 (N.D. Cal. 2013) ........................................................... 4, 7, 8

*Joslin v. Clif Bar & Co.*,
    No. 18-v-4941, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ........................ 15, 16

*Kane v. Chobani, Inc.*
    No. 12-cv-2425, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ............................ 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................ 4, 10

*Lam v. General Mills*,
    859 F. Supp. 2d 1097 (N.D. Cal. 2012) ................................................................... 7

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ................................................................................. 12

*Maxwell v. Unilever U.S., Inc.*
    No. 12-cv-1736, 2018 WL 1536761 (N.D. Cal. Mar. 29, 2018) ............................ 13

*O'Diah v. Discover Bank*,
    No 19-cv-1854, 2019 WL 2009311 (N.D. Cal. May 7, 2019) ................................ 11

*Osborne v. Kraft Foods Group, Inc.*,
    No. 15-cv-2653, ECF Nos. 28, 31 (N.D. Cal. Oct. 15, 2015) .......................... 10, 16

*Pelayo v. Nestlé USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................... 12

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*,
    No. 16-cv-1442, 2017 WL 4676585 (C.D. Cal. Oct. 10, 2017) ............................... 7

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*,
    No. 16-cv-1442, 2018 WL 1616053 (C.D. Cal. Mar. 8, 2018) ................................. 4

*Red v. Kraft Foods, Inc.*,
    No. 10-cv-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) .............................. 15

*Reid v. Johnson & Johnson*,
    780 F.3d 952 (9th Cir. 2015) .................................................................................... 7

iii

# TABLE OF AUTHORITIES

Page(s)

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ............................................................. 4

*Samet v. Procter & Gamble Co.*,
No. 12-cv-1891, 2013 WL 3124647 (N.D. Cal. June 18, 2013) ............ 11

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) .......................................................... 4

*Silvas v. E*Trade Mortg. Corp.*,
514 F.3d 1001 (9th Cir. 2008) .......................................................... 3

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ............................................................ 8

*Steele v. Wegmans Food Markets, Inc.*,
No. 19-cv-9227, 2020 WL 3975461 (S.D.N.Y. July 14, 2020) ............... 10

*Sud v. Costco Wholesale Corp.*,
229 F. Supp. 3d 1075 (N.D. Cal. 2017) ............................................. 10

*Tabler v. Panera LLC*,
No. 19-cv-1646, 2019 WL 5579529 (N.D. Cal. Oct 29, 2019) ............... 16

*Viggiano v. Hansen Natural Corp.*,
944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................... 7

*Workman v. Plum, Inc.*,
141 F. Supp. 3d 1032 (N.D. Cal. 2015) ............................................. 14

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010) ............................................. 12

*Zaback v. Kellogg Sales Co.*,
No. 20-cv-0268, 2020 WL 3414656 (S.D. Cal. June 22, 2020) ............. 10

**Statutes**

21 U.S.C. § 343-1 ............................................................................. 1

21 U.S.C. § 343 *et seq.* ..................................................................... 1, 4

**Rules**

Fed. R. Civ. P. 8 ............................................................................... 8

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

Fed. R. Civ. P. 9 ..................................................................................... 4, 8, 10

Fed. R. Civ. P. 12 ......................................................................................... 2, 12

**Regulations**

21 C.F.R. § 101.22 ................................................................................... 1, 3, 5, 7

21 C.F.R. § 133.113 ............................................................................................ 6

Food & Drug Admin., Food Labeling:
  Spices, Flavorings, Colorings, and Chemical Preservatives,
  38 Fed. Reg. 33,284 (Dec. 3, 1973) ............................................................ 5, 6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES
8:20-cv-00714-JLS-DFM

# INTRODUCTION

This case is a textbook example of a complaint unsupported by reasonable investigation, much less allegations sufficient to withstand a motion under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Plaintiff attacks the labeling of Ruffles Cheddar & Sour Cream Flavored Potato Chips (the "Product") on the ground that the Product does not say "artificially flavored" on the front of the package. But the complaint does not allege any *factual support* for Plaintiff's claim that an "artificially flavored" statement is required. In high-level conclusory terms, Plaintiff alleges only that the Product uses an "artificial butter flavor" and "cheddar cheese flavor." Compl. ¶¶ 3, 8. But the complaint does not identify what the allegedly artificial ingredients *are*, much less *why* these unnamed ingredients require an "artificially flavored" label under federal regulations. The entire Complaint rests upon *ipse dixit* in two barebones paragraphs that the Product contains artificial butter and cheddar cheese flavors. *Id.* ¶¶ 3–4. Under Rule 9(b), that is insufficient to state a claim that the Product requires an "artificially flavored" statement on the front of the package.

Moreover, Plaintiff's claim, even if excused under Rule 9(b), must be dismissed under the Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 343 *et seq.*, as preempted. It is well-settled that the FDCA preempts any state-law claim that seeks to impose requirements not "identical" to those imposed by FDCA regulations. 21 U.S.C. § 343-1(a). FDA has implemented regulations that govern when a food product must disclose on the front of the package that it contains artificial flavors. A product must carry this disclosure when (and only when) the artificial flavor "simulates, resembles or reinforces" what is known as the "characterizing flavor"—here, cheddar cheese and sour cream. 21 C.F.R. § 101.22(i)(2). If a product contains artificial flavors that do not "simulate[], resemble[] or reinforce[]" the characterizing flavor, federal regulations do not require a front-of-pack "artificially flavored" label. Plaintiff makes no allegation *at all* that the alleged artificial flavors simulate the *characterizing* flavors (cheddar and sour cream) of the Product. Thus, federal law would not require a front-of-pack

"artificially flavored" statement, and Plaintiff's attempt to make Frito-Lay label the Product as "artificially flavored" is squarely preempted.

Plaintiff's claim of deception is also inadequate under Rule 9(b) and Rule 12(b)(6) and warrants dismissal. The Complaint does not allege that the Product makes any affirmative statement that it contains only natural ingredients or only natural flavors. To the contrary, the label says "Natural and Artificial Flavors" in the ingredient list. The Product also states "Flavored" on the front of the package. Compl. ¶ 8. The Complaint does not contain any facts alleging how, when, or why this Plaintiff—much less an objectively reasonable consumer—would be deceived by the label into believing that it makes a "No Artificial Flavors" statement when no such statement appears *anywhere* on the package, front or back.

Plaintiff must do at least *some* work before imposing the heavy burdens of litigation on Frito-Lay. The Complaint shows that she did not. The Complaint is deficient to its core and should be dismissed with prejudice.

## BACKGROUND

On March 3, 2020, Plaintiff Tami Svensrud filed a complaint in the Superior Court for the State of California, Orange County. ECF No. 1-2, Ex. A (the "Complaint"). Defendant, Frito-Lay, timely removed the case to this Court on April 10, 2020. ECF No. 1. Plaintiff asserts she has purchased Ruffles "Cheddar & Sour Cream Flavored" Potato Chips for personal consumption during the statutory period. Compl. ¶ 11. Plaintiff pleads that the front of the Product's package states "Flavored" next to the "Cheddar & Sour Cream" flavor name and includes a photo of the chips' label in the Complaint. *Id.* ¶¶ 2, 8, 19. Further, Plaintiff admits that the Product's "distinguishable characterizing flavors" include cheddar cheese. *Id.* ¶ 4. Plaintiff acknowledges that the ingredients list discloses that the Product's ingredients include artificial flavors. *Id.* ¶ 19. Plaintiff does not allege that the Product lacks cheddar cheese or sour cream, or that the Product tastes like anything other than cheddar cheese or sour cream.

1   Instead, Plaintiff asserts without any support that the "Natural and Artificial

2   Flavors" listed on the Product's ingredients list includes an artificial butter flavor.

3   Compl. ¶ 8.  She also asserts with no explanation that "cheddar cheese . . . contains

4   artificial flavor." *Id.* ¶ 4.  She contends that these purported artificial flavors make the

5   Product's "Cheddar & Sour Cream Flavored" statement deceptive under California's

6   Consumers Legal Remedies Act ("CLRA"), Unfair Competition Act ("UCL") and False

7   Advertising Law ("FAL"). *Id.* ¶ 2.

8   Plaintiff suggests that the use of any artificial flavoring ingredient regardless of

9   function would require the Product's label to state "Artificially Flavored Cheddar &

10   Sour Cream" on the front of the Product's package in order to comply with California

11   law.  Compl. ¶ 5.  Federal regulations, on the other hand, require that "Artificially

12   Flavored" appear on the front-of-pack alongside a product's characterizing flavor only

13   in the narrow circumstance where the artificial flavor "simulates, resembles or

14   reinforces" the characterizing flavor itself. 21 C.F.R. § 101.22(i)(2).

15   ## LEGAL STANDARD

16   The Supremacy Clause of the United States Constitution grants Congress the

17   power to preempt state law. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372

18   (2000).  Any state-law claims that are preempted by federal law must be dismissed.

19   *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1008 (9th Cir. 2008).

20   Additionally, to survive a motion to dismiss, a complaint must contain "sufficient

21   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

23   U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

24   content that allows the court to draw the reasonable inference that the defendant is liable

25   for the misconduct alleged." *Id.* at 678–79.  While the Court must accept the factual

26   allegations of a complaint in the light most favorable to the non-moving party, this

27   principle is "inapplicable to legal conclusions." *Id.*  Dismissal is also warranted where

28

3

the complaint lacks a cognizable legal theory or fails to plead essential facts under that theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Plaintiff's fraud-based claims under the UCL, FAL, and CLRA also must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff "state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to UCL, FAL, and CLRA claims).  Failure to do so warrants dismissal.  *Id.*

# ARGUMENT

## A.   Plaintiff's Claims Are Preempted By the Food, Drug & Cosmetic Act

Plaintiff's claims should be dismissed as preempted.  "Claims must be dismissed as expressly preempted by the Food, Drug, and Cosmetic Act ('FDCA') where they impose food labeling requirements 'not identical to' federal requirements." *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. 16-cv-1442, 2018 WL 1616053, at *3 (C.D. Cal. Mar. 8, 2018).  Here, Plaintiff claims that the Product is mislabeled under California's Sherman Law, which requires any food "contain[ing] artificial flavoring, artificial coloring and chemical preservatives" to be "adequately disclos[ed]" on the label.  Compl. ¶ 5.  She also asserts that the Product misleads consumers by failing to include a front-of-package "Artificially Flavored" disclosure.  *Id.* ¶¶ 2, 5, 6.  But Plaintiff's claim does not comport with federal law, and must therefore be dismissed. *See Ivie v. Kraft Foods Glob. Inc.*, 961 F. Supp. 2d. 1033, 1042 (N.D. Cal. 2013).

The federal law regarding the limited circumstances in which a product must bear a front-of-pack "Artificially Flavored" claim is part of a larger framework of food labeling regulations designed to ensure consistency and transparency on food labels nationwide.  To that end, "[t]he FDA, through the FDCA and its accompanying regulations, has implemented a comprehensive scheme governing the labeling of flavors

4

and flavorings in food products." *Dvora v. Gen. Mills, Inc.*, No. 11-cv-1074, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011).  FDA's regulations are specific about when certain types of flavors must be labeled on the front of a product's packaging.  The key regulation at issue here—21 C.F.R. § 101.22(i)—permits the label of food and beverage products to describe and depict the "characterizing flavor" of the product:

> If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the *primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means*, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, *such flavor shall be considered the characterizing flavor*[.]

21 C.F.R. § 101.22(i) (emphases added).

The regulation continues by describing in detail the way the label must designate the "characterizing flavor" as natural and/or artificial as appropriate.  With respect to artificial flavors, the regulation provides:

> If the food contains any artificial flavor *which simulates, resembles or reinforces the characterizing flavor*, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing flavor shall be accompanied by the word(s) "artificial" or "artificially flavored", in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "artificial vanilla", "artificially flavored strawberry", or "grape artificially flavored".

21 C.F.R. § 101.22(i)(2) (emphasis added).  To be clear, the regulation does not impose any front-of-package labeling requirements if a food contains artificial flavor that does *not* "simulate, resemble or reinforce" the characterizing flavor.  *See* 21 C.F.R. § 101.22(i).

Here, the Product's characterizing flavors are cheddar and sour cream.   Compl. ¶ 4; *see also* Food & Drug Admin., Food Labeling: Spices, Flavorings, Colorings, and Chemical Preservatives, 38 Fed. Reg. 33,284, 33,286 (Dec. 3, 1973) ("[T]he characterizing flavor is that which is represented in labeling or advertising as the product

5

flavor[.]").  A front-of-package "Artificially Flavored" statement therefore would be required under federal law only if the Product contained an artificial flavor that "simulates, resembles or reinforces" cheddar or sour cream flavors.  Plaintiff has not plausibly alleged that it does.  Instead, Plaintiff has set forth purely speculative bases that she contends would require such a label, but not one of them can withstand dismissal.

First, Plaintiff asserts—without any factual support—that the Product contains an artificial butter flavor.  Compl. ¶ 3.  Nothing in the Complaint supports this conclusory assertion—Plaintiff has not alleged the name of the ingredient, nor any basis for alleging such an ingredient is in the Product.  Federal court pleading standards require more to state a plausible claim.

Moreover, even if this conclusory allegation were accepted as true, an artificial butter flavor in the Product would not require a front-of-package "Artificially Flavored" statement under federal law because a butter flavor does not simulate a cheddar or sour cream flavor.  The FDA has stated that, "In determining whether added flavor does or does not simulate, resemble, or reinforce the characterizing flavor, the principal test will be to separate such added flavor from the product to determine whether it tastes like the characterizing natural flavor or approximates the flavor characteristics of any principal or key flavor note." 38 Fed. Reg. at 33,286.  It does not take much analysis to determine that an artificial butter flavor, separated out from the Product, does not taste like cheddar or sour cream.  It tastes like butter, and Plaintiff does not allege otherwise.

Second, Plaintiff asserts—again without any type of factual support—that "cheddar cheese . . . contains artificial flavor."  Compl. ¶ 4.  But that statement is completely inaccurate.  Cheddar cheese does not *inherently* contain artificial flavor.  The federally-prescribed standard of identity for cheddar cheese says nothing about the use of artificial flavor.  21 C.F.R. § 133.113.  Moreover, the Product's ingredients label reflects—and Plaintiff does not dispute—that the Product contains actual cheddar

cheese.[1]  Plaintiff does not allege that Frito-Lay has added artificial cheddar flavor. Thus, nothing in the Complaint about the cheddar cheese allegations is remotely sufficient to state a claim that the label violates § 101.22 and requires an "artificially flavored" statement on the front of the package.  *Ivie*, 961 F. Supp. 2d at 1042.

State law labeling claims only escape preemption where they are *identical* to federal labeling requirements.  *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015).  California law cannot impose obligations that are not required under the federal regulatory scheme.  *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. 16-cv-1442, 2017 WL 4676585, at *6 (C.D. Cal. Oct. 10, 2017) (holding preempted claims that would result in requirements not identical to FDA regulations); *Dvora*, 2011 WL 1897349, at *5-6 (same).

For that reason, courts in this circuit regularly hold state-law claims to be expressly preempted when they seek to impose flavor labeling requirements that are not mandated by federal law.  *See Viggiano*, 944 F. Supp. 2d at 888 (finding that plaintiff's claims were preempted because "[c]ourts have repeatedly found that state law claims challenging 'natural flavors' labels, accompanied by images or names of fruit, are preempted, because such labeling references the characterizing flavor of the food and is permitted by § 101.22"); *Lam v. General Mills*, 859 F. Supp. 2d 1097, 1102-3 (N.D. Cal. 2012) ("the labeling challenged by Lam—which is related to the Fruit Snacks flavor— is expressly permitted by FDA regulations . . . the Court finds that Lam's claims are preempted to the extent they are predicated on the 'naturally flavored' and 'fruit

---

[1]  The Complaint includes a black and white image of the Product's front label, but does not include the Product's back label.  A complete color copy of the Product's label is attached as Exhibit A to the Declaration of Priscilla Valtierra.  When a plaintiff's claims turn on the labeling of a food or beverage product, courts routinely consider that labeling, either as a matter of judicial notice or incorporation by reference. *See, e.g.*, *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. 16-cv-1442, 2017 WL 4676585, at *3 (C.D. Cal. Oct. 10, 2017) (taking judicial notice of labels which were "central to Plaintiffs' allegations of misrepresentation"); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 883 (C.D. Cal. 2013) (finding packaging referenced "several times in the complaint" was incorporated by reference); *Dvora*, 2011 WL 1897349, at *2 (taking judicial notice of packaging "referenced throughout [the] complaint").  The same is appropriate here.

flavored' labels"); *Dvora*, 2011 WL 1897349, at *4 (dismissing as preempted claims challenging food labeling where label complied with "characterizing flavor" requirements under federal law); *Ivie*, 961 F. Supp. 2d. at 1042 (holding that claim alleging misleading label on Crystal Light lemonade was preempted because Kraft Heinz's use of "natural flavor" label complied with FDA regulation). Those precedents and well-settled preemption doctrine compel dismissal here.

## B.   Plaintiff's Claims Fail Under Rules 8(a) and 9(b)

Plaintiff's Complaint also should be dismissed because the claims she has alleged fail to satisfy basic pleading standards under Federal Rule of Civil Procedure 8, and *a fortiori* fail to satisfy the more rigorous requirements under Rule 9(b). Plaintiff's claims are based on two conclusory contentions: (1) the Product contains artificial butter and cheddar flavors (Compl. ¶¶ 3–4), and (2) she was deceived by the label (Compl. ¶ 12). But Plaintiff has failed to adequately plead either assertion, and the Court need not accept as true conclusory assertions without any factual basis. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 1.   Plaintiff provides no factual allegations supporting her contentions regarding artificial flavors in the Product.

Without citing any factual bases for her conclusion, Plaintiff asserts that the Product "contains artificial butter flavor." Compl. ¶ 4. She then adds that "cheddar cheese . . . also contains artificial flavor," though she never specifies what artificial flavor cheddar cheese purportedly contains. *Id.* ¶ 5. These unsupported contentions are the type of "naked assertion[s] devoid of further factual development" that courts routinely dismiss as inadequately pled. *See Iqbal*, 556 U.S. at 678. The Complaint fails to name any supposedly artificial ingredient in the product or cite any industry publication, scientific article, consumer study, or other potential factual evidence or detail that could conceivably support an allegation that Plaintiff uses artificial butter or artificial cheddar flavoring ingredients in its Ruffles "Cheddar & Sour Cream Flavored"

8

Potato Chips.    The Complaint merely makes unsupported statements and legal conclusions that are untethered to any facts.  These include statements such as:

- "In fact, this product contains artificial butter flavor";
- "In fact, cheddar cheese, one of the products [sic] 'distinguishable characterizing flavors,' also contains artificial flavor";
- "The addition of butter and cheddar cheese flavor from artificial sources mandates that Defendant identify its product as 'Artificially Flavored' on the front of the label";
- "Using artificial butter flavoring in a cheddar-cheese flavored product requires a disclaimer on the front of the label, not the back or in fine print."

Compl. ¶¶ 3, 4, 6, 20.  Plaintiff's failure to support her contentions regarding the artificial flavors used in the Product is important because, as explained above, only certain artificial flavors—namely those that simulate, resemble, or reinforce the Product's characterizing flavor—require front-of-package labeling under FDA regulations.  And Plaintiff should not be permitted to sidestep dismissal at the pleading stage with entirely unsupported assertions about the ingredients the Product contains.

Indeed, courts do not permit plaintiffs to burden defendants (or courts) with litigation based completely on uninformed guesses about a product's ingredients.  For example, in *Forsher v. J.M. Smucker Co.*, --- F. Supp. 3d ---, 2020 WL 1531160 (N.D. Ohio Mar. 31, 2020), the plaintiff challenged Jif Peanut Butter "natural" statements as false or misleading based on the use of sugar allegedly derived from bioengineered or genetically modified beets.  *Id.* at *1.  But the plaintiff "fail[ed] to provide any facts showing that the Products contain sugar derived from GMO beets."  *Id.* at *4.  The plaintiff in *Forsher* even cited general statistics about sugar production and GMOs—far more than Plaintiff does here—but the court rejected the plaintiff's complaint: "Plaintiff here has filed suit only to ask later whether Defendant's Products actually contain sugar from GMO beets, and even if they do, if that sugar contains any genetically modified material."  *Id.*  Absent "any other facts or details" to support the allegation that the

9

1   product contained GMO ingredients, the court held that the plaintiff "fail[ed] to reach
2   the bar of plausibility required at the pleading stage." *Id.* at *5.

3       Similarly, in *Osborne v. Kraft Foods Group, Inc.*, No. 15-cv-2653, ECF Nos. 28,
4   31 (N.D. Cal. Oct. 15, 2015), the court dismissed claims alleging that the product at issue
5   contained unnatural citric acid because the plaintiff "ha[d] no idea whether Kraft's citric
6   acid that it use[d] in Capri Sun is natural or not." ECF No. 31 at 12.  In dismissing the
7   complaint, the court observed that plaintiff's "I'm going to file a lawsuit and then ask
8   questions later" approach "created a bit of a Rule 11 problem." *Id.* at 11.[2]

9       The same is true here.  Absent any factual pleadings to support the allegation that
10  the Product contains artificial butter or artificial cheddar flavors, the Complaint should
11  be dismissed.

12      **2.    Plaintiff does not adequately plead her claims of deception.**

13      Plaintiff also fails to plead her claims of deception with specificity.  In order to
14  plead a cognizable claim under California's consumer protection statutes, Plaintiff must
15  first plead that she purchased a product because she saw and relied on the challenged
16  label statements.[3]   And as is now well-settled, California state consumer deception
17  claims sounding in fraud are subject to the heightened pleading requirements of Rule
18  9(b), which requires that a plaintiff alleging fraud "state with particularity the
19  circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *Kearns*, 567 F.3d at 1124
20  (applying Rule 9(b) to claims under the CLRA and UCL).

---

22  [2]  *See also Zaback v. Kellogg Sales Co.*, No. 20-cv-0268, 2020 WL 3414656, at *2–3
23  (S.D. Cal. June 22, 2020) (dismissing claims challenging flavor labeling on granola
    products where Plaintiff was "merely speculating" that the product did not contain flavor
    derived from vanilla beans); *Steele v. Wegmans Food Markets, Inc.*, No. 19-cv-9227,
24  2020 WL 3975461, at *3 (S.D.N.Y. July 14, 2020) (dismissing complaint challenging
    flavor labeling where the source of the vanilla flavor was "left to speculation").

25  [3]  *See, e.g., Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1013–14 (N.D. Cal. 2014) (finding
26  UCL and CLRA claims deficient under Rule 9(b) where plaintiff had "not alleged with
    sufficient detail what representations he reviewed, when he first reviewed them, or
27  which ones he relied on in deciding to purchase" the product at issue); *Sud v. Costco
    Wholesale Corp.*, 229 F. Supp. 3d 1075, 1082–83 (N.D. Cal. 2017) ("Plaintiffs must
28  allege reliance to show they have statutory standing to pursue each of their claims" under
    the CLRA and UCL).

Here, Plaintiff does not "state with particularity" how she was purportedly deceived.  She alleges that she "purchased [the Product] for personal consumption during the statutory time period for the claims alleged." Compl. ¶ 11.  She claims she "purchased these chips in reliance of the representations made by Defendant." *Id.* ¶ 12.  And she asserts that "[h]ad Defendant labeled its product accurately, she would not have purchased the product or would not have paid the full purchase price." *Id.*  This is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  Critically, while Plaintiff asserts generally that she relied on the Product's labels, she nowhere explains what she understood them to mean.  Did she think the Product contained no artificial ingredients at all? No artificial flavors? No artificial flavors simulating cheddar or sour cream flavors?  That the Product was a health food?  She doesn't say, or make any factually supported allegation about this issue at all, and it's impossible for Frito-Lay to discern (nor should Frito-Lay be required to guess at) the meaning of Plaintiff's barebones allegations.  *O'Diah v. Discover Bank*, No 19-cv-1854, 2019 WL 2009311, at *1 (N.D. Cal. May 7, 2019).

Plaintiff attempts to paper over this defect by insisting that "labels matter," Compl. ¶¶ 21, 34, but at a minimum Rules 8(a) and 9(b) require her to plead what she understood the Product's label to mean and how the Product she purchased allegedly differed from her expectations.  *See Samet v. Procter & Gamble Co.*, No. 12-cv-01891, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (dismissing Plaintiffs' UCL, CLRA, and FAL claims on Rule 9(b) grounds where "[p]laintiffs have not alleged in the detail required by Rule 9(b) how Plaintiffs were actually misled" by the potato chips' "0g Trans Fat" label statement); *Kane v. Chobani, Inc.*, No. 12-cv-02425, 2013 WL 5289253, at *7 (N.D. Cal. Sept. 19, 2013).  If it is not dismissed as preempted, the Complaint should be dismissed based on these pleading deficiencies under Rule 9(b).

**C.     Plaintiff Fails to Plausibly Allege That A Reasonable Consumer Would Be Deceived By The Challenged Packaging**

Plaintiff's claims also fail for the additional and independent reason that they are not plausibly alleged under Rule 12(b)(6).

In order to state a claim for relief under California's consumer protection statutes, Plaintiff is required to plausibly plead that an *objectively* reasonable consumer would be deceived by Frito-Lay's labeling. *See Pelayo v. Nestlé USA, Inc.*, 989 F. Supp. 2d 973, 977–78 (C.D. Cal. 2013) (applying test of whether a reasonable consumer is "likely to be deceived" to claims under the CLRA and UCL); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).   Where a court can determine, upon review of the packaging, that a reasonable consumer would not be deceived by it, dismissal is appropriate because the claims fail as a matter of law.  *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965–66 (9th Cir. 2016) (dismissing claims alleging consumer deception as to the amount of lip product in a tube where the package contained no deceptive statements and no rational consumer would be misled).

While the "reasonable consumer" test does not command that a consumer be "'versed in the art of inspecting and judging a product,'" *Brown v. Starbucks Co.*, No. 18-cv-2286, 2019 WL 996399, at *2 (S.D. Cal. Mar. 1, 2019) (quoting *Yumul v. Smart Balance*, *Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010)),  it "nonetheless 'implies more than a mere possibility that [the product's label] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'"  *Ebner*, 838 F.3d at 965 (quoting *Lavie*, 105 Cal. App. 4th at 508).   Here, a straightforward review of the Product label challenged by Plaintiff confirms that the label is not remotely false or misleading.

The Product openly states that it contains artificial flavors.   The descriptor "Natural and Artificial Flavors" appears in the ingredient list, as Plaintiff herself acknowledges.   Compl. ¶ 19; *see also* Valtierra Decl'n, Ex. A.   This plainly refutes Plaintiff's assertion that "[a]n average consumer would not know the true nature of the

12

ingredients merely by reading the ingredient label" and that "discovery requires investigation beyond the grocery store and knowledge of food chemistry beyond that of the average consumer." *Id.* ¶ 33. Reading the ingredient label clearly confirms that the Product contains artificial flavors. No advanced knowledge or "investigation" is required. Plaintiff states no plausible claim of deception.

The absence of a front-of-package "Artificially Flavored" statement does not change the analysis. As set forth above, FDA has rejected the position that any use of artificial flavors in the Product requires a front-of-package disclosure; instead, such disclosure is only required where the artificial flavors simulate, resemble, or reinforce the characterizing flavor. Indeed, it would be *unreasonable* for any consumer to conclude—based on the *absence* of a front-of-package disclosure—that the Product contains no artificial flavoring ingredients at all. That interpretation of a label conflicts directly with FDA regulations, as explained. Moreover, the Product says "Flavored" on the front-of-pack, includes artificial flavors in the ingredient list, and is not alleged to carry any affirmative statement (or picture or vignette) of any kind that it contains only natural flavors or natural ingredients. *See Maxwell v. Unilever U.S., Inc.* No. 12-cv-1736, 2018 WL 1536761, at *6 (N.D. Cal. Mar. 29, 2018) ("It would not be reasonable for a consumer to assume, just based on the absence of some kind of affirmative indicator of artificiality in a back-side ingredient list, that a product was not artificial.").

For this reason, a court in this district dismissed similar claims challenging the lack of a front-of-pack "Artificially Flavored" statement on Starbucks gummies labeled "Apple, watermelon, tangerine and lemon flavored." *Brown*, 2019 WL 996399, at *3. The court held that the front-of-package "flavored" statement would not "lead a reasonable consumer to infer that the Gummies contained only natural ingredients." *Id.* To the contrary, the court observed that the word "flavored" itself would "impl[y] that the Gummies contain artificial ingredients." *Id.* Here, too, a reasonable consumer would interpret the Product's "Cheddar & Sour Cream Flavored" statement as a description of the type of tastes that the Product's flavoring ingredients produce. As recognized in

13

*Brown*, the front-of-package "Flavored" statement on the Product does not communicate that all flavors in the Product are natural.

Notably, the court in *Brown* rejected the argument that the use of the term "Flavored" on the front of the package somehow created a "'front-back' bait-and-switch problem." 2019 WL 996399, at *4. Plaintiff here makes the same allegation, asserting that consumers should not be expected to read the ingredient list to determine if the Product contains artificial flavors. Compl. ¶ 31. But here, as in *Brown*, "'there is no deceptive act to be dispelled' by a disclosure on the front packaging." 2019 WL 996399, at *4 (quoting *Ebner*, 838 F.3d at 966). Indeed, there is no allegation of *any* affirmative misrepresentation *at all* here. *See Workman v. Plum, Inc.,* 141 F. Supp. 3d 1032, 1036–37 (N.D. Cal. 2015) ("Plaintiff's reliance on *Williams v. Gerber* is inapposite because that action involved an affirmative misrepresentation. The packaging of the 'fruit juice snacks' in *Williams* contained pictures of different fruits not actually contained in the product."). Nothing on the Product's package states that it contains only natural ingredients or only natural flavors, and Plaintiff "fails to plausibly allege that a reasonable consumer would simply assume the absence of an artificial ingredients disclosure on the [Product's] front packaging means the product contains only natural ingredients." *Brown*, 2019 WL 996399, at *4.[4]

Even less plausible is Plaintiff's suggestion that consumers might interpret the lack of front-of-package "Artificially Flavored" statement to indicate that the Product—Ruffles Cheddar & Sour Cream Flavored Potato Chips—is a "natural and health food." Compl. ¶¶ 23-26. Plaintiff fails entirely to articulate how the Product's "Cheddar & Sour Cream Flavored" statement could hoodwink "health conscious" consumers. *See*

---

[4] Even if the term "Flavored" were to create ambiguity regarding whether the Product contains artificial flavors, the ambiguity is resolved by the ingredient list, so Plaintiff's claims of deception still fail. "[C]onsumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922 (N.D. Ill. 2017). The "Natural and Artificial Flavors" statement in the ingredient list resolves any possible ambiguity here. Compl. ¶¶ 8, 19 (acknowledging that artificial flavors are disclosed in the ingredient list).

14

Compl. ¶ 23. And contrary to Plaintiff's theory of deception, the reasonable consumer test does not permit a consumer to "read a true statement on a package" and then "assume things about the products other than what the statement actually says." *See Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (granting defendant's motion to dismiss where cracker packaging stating "made with real vegetables" would not deceive a reasonable consumer into believing that the product is "healthy and contains a significant amount of vegetables"); *see also Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal where the complaint "fail[ed] to sufficiently allege that reasonable consumers read the word 'diet' in a soft drink's brand name to promise weight loss, healthy weight management, or other health benefits"); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1091 (N.D. Cal. 2014) (holding it was "utterly implausible" that reasonable consumers would see label statements and "draw conclusions about other totally unrelated nutritional characteristics" or that the products "made only positive contributions to a diet"). Because Plaintiff has not plausibly alleged that a reasonable consumer would be misled by the Product's flavor labeling, her claims fail as a matter of law and should be dismissed.

## D.   Plaintiff Lacks Standing To Seek Injunctive Relief

In addition to these many legal and factual deficiencies that bar this entire suit, Plaintiff's request for injunctive relief must be dismissed for lack of standing.

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). When seeking injunctive relief, the plaintiff must allege "a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Meeting this standard in a case alleging false or misleading labeling requires Plaintiff—at a bare minimum—to "allege [she] would want to or intend to purchase the product in the future." *Joslin v. Clif Bar & Co.*, No. 18-v-4941, 2019 WL 5690632, at *2 (N.D. Cal. Aug. 26, 2019).

15

1       Plaintiff does not do so here.  She asks the Court to issue an order requiring Frito-

2 Lay to "cease" its labeling and "engage in a corrective advertising campaign."  Compl.

3 ¶ 65; *see also* Prayer for Relief ¶ 5.  But Plaintiff does not allege that she wants or intends

4 to purchase the Product in the future.  She says only that she "would not have purchased"

5 the Product or "would not have paid the full purchase price" if the Product were labeled

6 as she desires.  *Id*. ¶ 12.  If anything, this allegation suggests that she affirmatively would

7 *not* purchase the Product in the future.

8       Plaintiff's failure to allege that she wants or intends to purchase the Product in the

9 future requires dismissal of her claims for injunctive relief at the very least.  *Joslin*, 2019

10 WL 5690632, at *3 ("Plaintiffs do not allege they want to or intend to purchase the

11 Products in the future. Accordingly, they fail to allege facts to show they have

12 standing[.]"); *Cordes v. Boulder Brands USA*, No. 18-cv-6534, 2018 WL 6714323, at

13 *4 (C.D. Cal. Oct. 17, 2018) ("The complete absence of any allegations about Plaintiff's

14 future intentions with regard to the Product is enough for the Court to find that he lacks

15 standing to sue for injunctive relief.").  And where, as here, "Plaintiff makes no

16 allegation of future injury in the complaint whatsoever," *Tabler v. Panera LLC*, No. 19-

17 cv-1646, 2019 WL 5579529, at *8 (N.D. Cal. Oct 29, 2019), leave to amend would only

18 allow Plaintiff to manufacture claims to avoid this outcome as a technicality.  Plaintiff's

19 request for injunctive relief should be dismissed with prejudice.

## CONCLUSION

21       Plaintiff has demonstrably decided to "file a lawsuit and then ask questions later."

22 *Osborne*, ECF No. 31 at 11.  The Complaint makes only bald, conclusory assertions that

23 the Product contains artificial butter and cheddar flavors, and even these allegations are

24 not sufficient under FDA regulations to require a front of package "artificially flavored"

25 statement.  Her claims are preempted by federal law, and in any event no reasonable

26 consumer would be deceived by Frito-Lay's entirely accurate "Cheddar and Sour Cream

27 Flavored" label.  It is manifestly apparent that Plaintiff conducted no investigation

28

before filing this case, and this Court should dismiss Plaintiff's Complaint in its entirety, with prejudice. *See Hairston v. South Beach Beverage Co.*, No. 12-cv-1429,  2012 WL 1893818, at \*3 (C.D. Cal. May 18, 2012) ("A Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.").

Respectfully Submitted,

Dated:  July 24, 2020                    GIBSON, DUNN & CRUTCHER LLP


By:    /s/ Andrew S. Tulumello
          Andrew S. Tulumello

          Andrew S. Tulumello, SBN 196484
             atulumello@gibsondunn.com
          Chantale Fiebig (*admitted pro hac vice*)
             cfiebig@gibsondunn.com
          Arianna M. Scavetti (*admitted pro hac vice*)
             ascavetti@gibsondunn.com
          1050 Connecticut Avenue, NW
          Washington, DC 20036
          Telephone: (202) 955-8500

          Timothy Loose, SBN 241037
             tloose@gibsondunn.com
          333 South Grand Avenue
          Los Angeles, CA 90071
          Telephone:  (213) 229-7000

          *Counsel for Defendant Frito-Lay North America*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 24, 2020 I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the Electronic Service List for this case.

5

6

By: /s/ Andrew S. Tulumello

7

Andrew S. Tulumello

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES
8:20-cv-00714-JLS-DFM