DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TAMI SVENSRUD,

Plaintiff,

v.

FRITO-LAY NORTH AMERICA. Inc., a Delaware Corporation, and DOES 1-10, inclusive,

Defendants.

Case No. 8:20-cv-00714-JLS-DFM

Hon. Josephine L. Staton

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 3

A. Plaintiffs' State Law Claims are Not Preempted .......... 3

B. The Complaint Sufficiently Alleges that Frito-Lay Unlawfully Failed to Indicate Their Product Is Artificially Flavored .......... 5

C. Whether a Labeling Statement is Likely to Deceive a reasonable Consumer is Not Appropriate for Determination on a Motion to Dismiss .......... 10

D. Plaintiff Plausibly States a Claim for Deception .......... 12

E. Plaintiff has Standing to Sue for Injunctive Relief .......... 12

V. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

CASES

*AnchorBank, FSB v. Hofer*,
649 F.3d 610, 615 (7th Cir. 2011) .......... 11

*Bates v. UPS*,
11 F.3d 974, 985 (9th Cir. 2007) .......... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Campen v. Frito-Lay N. Am., Inc.*,
No. 12-1586 SC, 2013 U.S. Dist. LEXIS 47126,
*24 (N.D. Cal. Apr. 1, 2013) .......... 4, 9

*Clancy v. The Bromley Tea Co.*,
308 F.R.D. 564, 573 (N.D. Cal. 2013) .......... 4

*Conley v. Gibson*,
355 U.S. 41, 47 (1957) .......... 3

*Consumer Advocates v. Echostar Satellite Corp.*,
113 Cal. App. 4th 1351, 1360 (2003) .......... 10

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956, 967 (9th Cir. 2018) .......... 12

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152, 1162 (9th Cir. 2012) .......... 9

*E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*,
429 F.App'x 632, 633 (9th Cir. 2011) .......... 11

*Engurasoff v. Coca-Cola Co.*,
No. C 13- 03990 JSW, 2014 WL 4145409, at *4 (N.D. Cal. Aug. 21, 2014) .......... 7

*Figy v. Frito-Lay N. Am., Inc.*,
67 F. Supp. 3d 1075, 1082 (N.D. Cal. 2014) .......... 4

*Hall v. Diamond Foods, Inc.*,
No. C-14- 2148 MMC, 2014 WL 5364122, at *4 (N.D. Cal. Oct. 21, 2014) .......... 9

*Henderson v. J.M. Smucker Co.*,
No. CV-10-4524-GHK-VBK, 2011 WL 1050637,
at *4 (C.D. Cal. Mar. 17, 2011) .......... 9

*In re Farm Raised Salmon Cases*,
42 Cal. 4th 1077, 1090 (2008) .......... 4

*Ivie v. Kraft Foods Glob., Inc.*,
No. C-12-02554-RMW, 2013 WL 685372,
at *10 (N.D. Cal. Feb. 25, 2013) .......... 7, 8, 11

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310, 328 (2011) .......... 1

*Lilly v. ConAgra Foods, Inc.*,
743 F.3d 662, 665 (9th Cir. 2014) .......... 9

*Linear Technology Corp. v. Applied Materials, Inc.*,
152 Cal. App. 4th 115, 134–35 (2007) .......... 10

*McKell v. Washington Mutual, Inc.*,
142 Cal. App. 4th 1457, 1472 (Cal. App. 2006) .......... 10

*Pirzzoa v. Apple, Inc.*,
913 F.Supp 2d 840, 846-47 (N.D. Cal. 2012) .......... 12

*Reid v. Johnson & Johnson*,
780 F.3d 952 (9th Cir. 2015) .......... 4

*Scheuer v. Rhodes*,
416 U.S. 232, 236 (1974) .......... 3

*Stapley v. Pestalozzi*,
733 F.3d 804, 809 (9th Cir. 2013) .......... 9

*U.S. ex rel. Tamanaha v. Furukawa America, Inc.*,
2011 WL 3423788, *2 (9th Cir. Aug. 5, 2011) .......... 11

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d at 1055 (9th Circ. 2011) .......... 11

*Viggiano v. Hansen Nat. Corp.*,
944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) .......... 8

*Williams v. Gerber Prod. Co.*,
552 F.3d 934, 938 (9th Cir. 2008) .......... 9, 10

*Williams v. WMX Technologies, Inc.*,
112 F.3d 175, 178 (5th Cir. 1997) .......... 11

STATUTES

Cal. Health & Safety Code § 109875 *et seq.* .......... 4

Cal. Health & Safety Code § 110100(a) .......... 4

Cal. Health & Safety Code §§ 109875 .......... 11

RULES

Fed. R. Civ. P. 8 .......... 3

REGULATIONS

21 C.F.R. § 101.22(i) .......... 7

21 C.F.R. § 101.22(i)(2) .......... 7

21 C.F.R. §§ 101.22(i)(3)-(4) .......... 7

21 CFR § 101.22 .......... 11

OTHER AUTHORITIES

28 U.S.C. § 1332(d) .......... 2

Cal. Bus. & Prof. Code § 17200 .......... 1

Cal. Bus. & Prof. Code § 1750 .......... 1

Cal. Bus. & Prof. Code § 17500 .......... 1

Cal. Health & Safety Code § 109875 *et seq* .......... 3

Cal. Health & Safety Code § 110740 .......... 1

# I. INTRODUCTION

"Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities …." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 328 (2011). This is a long-standing principle of California law expressed specifically in the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); the False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"); and the Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1750 ("CLRA"). The UCL's substantive provisions were framed in "broad, sweeping language." *Kwikset*, at 320. The FAL is "equally comprehensive" in addressing false and misleading advertising. *Id*. The CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices." Cal. Bus. & Prof. Code § 1750. These are precisely the laws that Plaintiff seeks to enforce.

Defendant seeks to thwart this enforcement by demanding that Plaintiff meet a standard that far exceeds the requirements of the law at this early stage. This is a straightforward, consumer protection class action centered on Defendant's **omission**: i.e., its failure to disclose an artificial flavoring ingredient in their Cheddar & Sour Cream flavored potato chips (the "Product") in violation of California's Sherman Law, Cal. Health & Safety Code § 110740 (a food is misbranded if it contains artificial flavoring, artificial coloring and chemical preservatives but fails to adequately disclose that fact on their labeling). Plaintiffs allege that this critical omission not only mislead and deceived customers, but also gave Defendant a competitive advantage with other companies who prominently disclosed the artificial nature of their products on the front of their packaging, in compliance with California law. Thus, Defendants violated California Unfair Competition Law, its False Advertising Law, and the Consumer Legal Remedies Act.

Defendant advances four attacks to this lawsuit: (1) preemption, (2) insufficient pleading that the product contains artificial flavoring, (3) that no reasonable consumer

would be misled by the labeling, and (4) that Plaintiff herself was not mislead by the labeling. For the reasons set forth below, Defendant's arguments fail as a matter of law and its MTD should be denied in its entirety.

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action was originally filed in the California Superior Court for the County of Orange on March 4, 2020. Defendant's filed a Notice of Removal to this Court on April 10, 2020. *See* ECF No. 1. Defendant confesses that this Court has subject matter jurisdiction over this action because the amount in controversy exceeds $5,000,000, so as to invoke federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff's Complaint concerns the deceptive labeling of Ruffles Cheddar & Sour Cream Potato Chips. The Product admits ***on the back of the bag*** that it contains artificial flavors in the ingredient list, but does not disclose this information on the front, as required by California law. *Id.* at ¶ 19. Under California law, Plaintiff alleges that this renders the Product misbranded and misleading under the California Code. *See* Compl., ¶¶ 27-29. Defendant's omission of "artificially flavored" **<u>on the front</u>** of its packaging -- despite that fact that it uses artificial butter flavoring -- was deceptive. *See* Compl., ¶ 68. This fact is confirmed by Defendant's choice to hide references to its artificial butter and cheddar cheese flavor in the ingredient list by generally eluding to "artificial flavors," and burying the word "flavor" in an inconspicuous location and color on the front label. *See* Compl., ¶¶ 7-8. Plaintiff purchased the Product in reliance on the representations made by the Defendant and would not have paid the full purchase price had the Defendant labeled the Product accurately. Compl., ¶ 12.

Plaintiff seeks to represent a class of consumers defined as "[a]ll persons who purchased Defendant's Product in California within the last four years for personal consumption." Compl., ¶ 37. Among other requests for relief, Plaintiff seeks an order

awarding Plaintiff and other Class Members compensatory, general, statutory, exemplary, and any other damages legally available according to proof on certain causes of action. Compl., Prayer for Relief, ¶ 6.

## III. LEGAL STANDARD

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## IV. ARGUMENT

### A. Plaintiffs' State Law Claims are Not Preempted

Defendant's argue that Plaintiffs claims are preempted by the Food, Drug, Cosmetic, Act ("FDCA") because they are based on California laws that impose food labeling requirements that are not identical to the federal requirements. Def.'s Motion at 4:12-15. Defendants' argument fails because, as the Complaint alleges (Compl., ¶¶ 5, 27 *et seq.*), and Defendant acknowledges, Plaintiffs' claims arise not only from the failure to comply with FDCA, but with California's "Sherman Law," Cal. Health & Safety Code § 109875 *et seq.*

California has enacted its own statute prohibiting the mislabeling of food that is identical to the requirements of the FDCA and NLEA. *See* Cal. Health & Safety

Code § 109875 *et seq.; Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015) (federal law does not preempt identical misleading label case based upon state law).

When Congress passed the FDCA and its subsequent amendments creating national uniform nutrition labeling, it expressly preempted state law that was inconsistent with its requirements. *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013). However, it did not attempt to completely preempt state laws regarding the marketing of food products.

To the contrary, Congress specifically anticipated states enacting their own identical laws." *Id*. (citing *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1090 (2008)). "California complied with this requirement in passing the Sherman Law, which expressly adopts the federal labeling requirement." *Id*. Under the Sherman Law, "[A]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act ... shall be the food regulations of this state." *See* Cal. Health & Safety Code § 110100(a).

Instructive here is the case of *Campen v. Frito-Lay N. Am., Inc.*, where the court held that "[s]ince Plaintiffs' state law claims rely on statutes that explicitly incorporate federal law and regulations without modification, and since those claims also do not attempt to impose stricter requirements than those laws or regulations, Plaintiffs' state law claims are not preempted. These claims are all based on the theory that by not complying with the relevant federal laws and regulations, Defendants' labels mislead and deceive consumers." *Campen v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 U.S. Dist. LEXIS 47126, *24 (N.D. Cal. Apr. 1, 2013); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082 (N.D. Cal. 2014) ("Plaintiffs' state law claims are based on California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code § 109875 *et seq.*, which adopts and incorporates the FDCA.").

The Products label makes representations to one of its "distinguishable characterizing flavors," cheddar cheese, through the orange colored chips, the block of cheese, the word "Cheddar" and orange label. *See* 21 C.F.R. § 101.22(i) (requiring

label to truthfully indicate whether the product's flavor is from the characterizing food ingredient or from natural or artificial source materials); *see also* 21 C.F.R. § 101.22(i)(3)(ii) (required labeling where product contains more than one characterizing flavor). The question is simple: If a product contains "any artificial flavor which simulates, resembles or reinforces the characterizing flavor," it has to be identified in the flavor designation on the front label. *See* 21 C.F.R. § 101.22(i)(2); *compare with* 21 C.F.R. § 101.22 (i)(1) ("no artificial flavor which simulates, resembles or reinforces the characterizing flavor").

The same reasoning applies here with regarding to Defendant's preemption argument. Plaintiff's state law claims are based on violations of California's Sherman Law, which is identical to the FDCA. *See* Compl., ¶¶ 24-27. There is no federal preemption and Defendant's MTD on these grounds should, therefore, be denied.

### B. The Complaint Sufficiently Alleges that Frito-Lay Unlawfully Failed to Indicate Their Product Is Artificially Flavored

Plaintiff alleges that Defendant's Product label is deficient because it does not state ***on the front*** of its package that it contains artificial flavors, even though its product contains artificial butter flavor. Contrary to Defendant's Motion, the Complaint includes ample factual allegations to support Plaintiff's logical claims that (i) the butter is artificial, and that (ii) it is used to simulate, resemble, and reinforce the cheddar and sour cream flavor. Plaintiff expressly states that the Product contains artificial butter flavor and artificial cheese flavor. Complaint, ¶¶ 3-4.

Defendant does not deny either of these allegations. Instead, it first argues that butter does not simulate a cheddar flavor, and that cheddar is not inherently artificial. Neither of these questions is appropriate for adjudication at the pleading stage. Whether the artificial butter simulates a cheddar flavor goes to the merits of this lawsuit and Defendant's liability and thus should not be decided on a motion to

dismiss.[1] Defendant's argument that cheddar is not "inherently" artificial misses the point. The Complaint alleges that the cheddar cheese contains artificial flavor, including artificial butter. This is enough to meet the pleading standard where no discovery has yet been done. Indeed, other brands of cheddar and sour cream potato chips contain cheddar and sour cream seasoning with artificial flavor and identify their products as "Artificially Flavored" on the front label.

Moreover, Defendant's argument that butter is not a characterizing flavor misinterprets both the relevant FDA regulations and the allegations in the Complaint. The Complaint alleges that cheddar cheese is a "distinguishable characterizing flavor" and that Defendants' use of "artificial butter flavoring ***in a cheddar cheese-flavored product*** requires a disclaimer **on the front** of the product, not the back or in fine print." Compl., ¶¶ 4, 20 (emphasis added). In other words, Plaintiff has alleged that artificial butter is used to simulate or enhance a characterizing flavor. More to the point: there is not cheddar flavor with the artificial butter. As both California law and Federal regulations require that "[i]f a food product's characterizing flavors are not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both natural or artificial flavorings. If any artificial flavor is present which 'simulates, resembles or reinforces' the characterizing flavor, the food must be prominently labeled as 'Artificially Flavored.'" *See* 21 C.F.R. §§ 101.22(i)(3)-(4)). Defendant utterly failed to meet this requirement entirely. As evidenced by the front label of the Product, there is no such disclosure:

---

[1] In fact, cheddar cheese is known for its "buttery and milky taste." Science confirms that both contain the same aroma compound – diacetyl, which is an essential part of the flavor. *See, e.g.,* E.A. Foda, *et al*. "*Role of fat in flavor of Cheddar Cheese*," Journal of Diary Science 57, 10 (1974). Butter **enhances the flavor** of cheddar cheese; it does not "**round[] out**" the characteristic cheddar flavor. *See also* Harold E. Calbert and Walter V. Price, "*A Study of the Diacetyl in Cheese – Diacetyl content and flavor of Cheddar Cheese*" Journal of Dairy Science 32.6 (1949), 515-20.




Relevant here is 21 C.F.R. § 101.22(i)(2), which states the following:

> If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing flavor shall be accompanied by the word(s) "artificial" or "artificially flavored," in letters not less than one- half the height of the letters in the name of the characterizing flavor 21 C.F.R. § 101.22(i)(2) (emphasis added); *Engurasoff v. Coca-Cola Co.*, No. C 13-03990 JSW, 2014 WL 4145409, at *4 (N.D. Cal. Aug. 21, 2014) (interpreting 21 C.F.R. § 101.22(i) and holding that the court "cannot make a factual determination upon a motion to dismiss as to whether phosphoric acid qualifies as an artificial flavor...."); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013) ("[T]he factual determinations of whether maltodextrin is used as a sweetener and/or sodium citrate is used as a flavoring agent in this particular product, and whether a reasonable consumer would have thus been misled by the 'no artificial sweeteners or preservatives' label, are inappropriate for determination on a motion to dismiss.").

The connection between butter and cheddar cheese flavor means that an "artificially flavored" label is required on the front of the package. Plaintiff's interpretation of the regulations is buttressed by the reality that several other

companies who sell similar products make the necessary disclosures of "artificially flavored" on the front of their packages.[2] *See* Complaint, ¶ 30.



















No. 3 Kroger generic potato chips listing "artificially flavored" on front of label.

[2] (1) Herr's potato chips listing "artificially flavored" on front of label; (2) Jays Ridges potato chips listing "artificially flavored" on front of label; (3) Kroger generic potato chips listing "artificially flavored" on front of label; (4) Snyder of Berlin potato chips listing "artificially flavored" on front of label; and (5) Uncle Rays potato chips listing "artificially flavored" on front of label.




No. 4 Snyder of Berlin potato chips listing "artificially flavored" on front of label.

Plaintiffs have sufficiently alleged that Defendant had a competitive advantage against these other companies based on their refusal to make the same disclosures on the font of the package -- i.e., the first place any consumer would look when making their purchasing decision.

Defendant's reliance on *Viggiano v. Hansen Nat. Corp.*, is misplaced because that case involved certain ingredients that are not at issue in this case yet. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013). In *Viggiano*, the court concluded only that specific ingredients (sucralose and ace-k) are not artificial flavoring ingredients pursuant to FDA regulations. *Id.* Again, because this litigation is in its nascent stage, it's unclear whether these ingredients are even at issue and if this case even applies. Thus, this Court should not find *Viggiano* to be persuasive. Likewise, Defendant's reliance on *Ivie v. Kraft Foods Glob., Inc.* is also misplaced because, as Defendant admits, that case involved potassium citrate and sodium citrate,

which were found not to be artificial flavoring ingredients pursuant to FDA regulations. *Campen v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 U.S. Dist. LEXIS 47126, *24 (N.D. Cal. Apr. 1, 2013). Again, given the early stage of this case, there has been no finding whether certain ingredients are at issue; and if so, whether they occur naturally or not. Moreover, Plaintiff's Complaint plausibly alleges that cheddar and butter are artificial flavoring ingredients. *See* Compl., ¶¶ 3-5. Of course, for purposes of ruling on Defendant's MTD, these allegations must be taken as true and construed in the light most favorable to Plaintiff. *See Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013).

### C. Whether a Labeling Statement is Likely to Deceive a Reasonable Consumer is Not Appropriate for Determination on a Motion to Dismiss

Defendant argues that "no reasonable consumer" would be deceived into believing that the 'Cheddar and Sour Cream Flavor' did not contain artificial flavoring because Defendant discloses that the artificial flavoring ***on the back*** of the Product. Defendant's argument fails because whether a reasonable consumer would be misled "is a question of fact not appropriate for determination [on a motion to dismiss." *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014); *see also Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *4 (C.D. Cal. Mar. 17, 2011) ("Defendant argues that since partially hydrogenated vegetable oil, which contains trans-fat, is disclosed as one of the ingredients in its products, no reasonable consumer could be misled. Although this factor may be relevant in the fact-intensive reasonable consumer analysis, *Williams* instructs that such reasoning cannot be the basis for granting a motion to dismiss."); *Hall v. Diamond Foods, Inc.*, No. C-14- 2148 MMC, 2014 WL 5364122, at *4 (N.D. Cal. Oct. 21, 2014) ("Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to dismissal for failure to allege sufficient facts to satisfy the reasonable consumer test.").

Even if this inquiry was appropriate at the pleading stage, Plaintiff easily meets the "reasonable consumer" test under the Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law. Under this test, a plaintiff must show that "members of the public are *likely to be* deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (emphasis supplied); *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351, 1360 (2003). "California courts have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938–39; *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1472 (Cal. App. 2006))).

Here, taking all the facts in the Complaint as true, a reasonable consumer could construe the Product's front label packaging which strategically omits any reference to artificial flavoring, as depicting all-natural ingredients and flavors. The front label depicts in large letters the words "Cheddar and Sour Cream" along with a chunk of cheese and dollop of sour cream centered between chips. The image unquestionably gives an impression of freshly baked chips where the flavor comes from cheddar and sour cream. The threshold in a Rule 12(b)(6) motion is necessarily not high, and Plaintiff has pled enough facts alleging a reasonable consumer could believe the chips were naturally, and not artificially, flavored.

The cases cited by Defendant are inapplicable because Plaintiff is not merely alleging a violation of "a technical FDA regulation" but rather that Defendant's omission that the Product contains artificial flavoring **on the front** of the label is likely to (and did) mislead a reasonable consumer. The applicable Health and Safety regulations require Defendant to disclose its use of these artificial flavoring ingredients; and it is plausible that Defendant's failure to make this required

disclosure, is likely to deceive a reasonable consumer. *See* Cal. Health & Safety Code §§ 109875 (incorporating 21 CFR § 101.22); *Ivie*, 2013 WL 685372, at *10.

**D. Plaintiff Plausibly States a Claim for Deception**

As a preliminary matter, what constitutes sufficient particularity for the purpose of Rule 9(b) depends upon the facts of each case. *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011); *Williams v. WMX Technologies, Inc.*,112 F.3d 175, 178 (5th Cir. 1997). For example, courts typically apply a relaxed 9(b) standard in the False Claims Act context. *See, e.g., U.S. ex rel. Tamanaha v. Furukawa America, Inc.,* 2011 WL 3423788, *2 (9th Cir. Aug. 5, 2011).

Additionally, the heightened pleading standard for fraud claims is relaxed somewhat where factual information is peculiarly within defendant's knowledge or control. *E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 429 F.App'x 632, 633 (9th Cir. 2011). As a result, any analysis of the Complaint in this action under Rule 9(b) would be subject to the relaxed standard that is applied to claims where evidence "lies within [Defendants'] exclusive possession" and specific citation to each instance of fraudulent conduct would not be required. *Id*. Here, the Complaint identifies with sufficient particularity the who, the what and the how, the when, and the where of Defendant's violative conduct.

The **"who"** is the Defendant and the **"what"** and the **"how"** are Defendant's failure to disclose that the Product is "artificially-flavored" **<u>on the front</u>** of its label, and that Plaintiff would not have purchased the product had she known this information. The facts pled in the Complaint specify "the who, what when where, and how of the misconduct charged" and put Defendants on notice of the representations at issue in this case. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d at 1055 (9th Circ. 2011).

**E. Plaintiff has Standing to Sue for Injunctive Relief**

Defendant also moves to dismiss arguing that Plaintiff lacks standing to sue for injunctive relief because she does not include an allegation that she wants or intends

to purchase the product again. Defendant is wrong on this point. To begin Plaintiff has already stated that she purchased the product, but would not have done so at the price she paid if it was labeled appropriately -- i.e., "artificially flavored." These allegations are sufficient to establish injury at this procedural stage. *See Pirzzoa v. Apple, Inc.*, 913 F.Supp 2d 840, 846-47 (N.D. Cal. 2012) (overpaying for goods or purchasing goods a person otherwise would not have purchased based upon alleged misrepresentations by the manufacturer would satisfy the injury-in-fact and causation requirements for Article III standing).

In the context of a request for injunctive relief, the standing inquiry simply requires the Plaintiff to have "demonstrated that they have suffered or are threatened with a concrete particularized legal harm, couple with a 'sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. UPS,* 11 F.3d 974, 985 (9th Cir. 2007). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

In *Davidson*, the Ninth Circuit recognized that a consumer's "inability to rely on the validity of the information advertised," combined with the consumer's desire to purchase the product in question, constituted a concrete harm. *Id.* at 971. Such a consumer would also face the risk of repeated injury because she would "face[] the similar injury of being unable to rely on [the defendant's] representations of its product in deciding whether or not she should purchase the product in the future." *Id.* at 971-72 (citations omitted).

Here, Plaintiff has submitted a declaration to clarify that if Defendant changed its labeling practices and accurately labeled their Product, she would consider purchasing the Product again. *See* Declaration of Tami Svensrud ¶ 4.

## V. CONCLUSION

Plaintiff's analysis is not novel. At least five other competitors, who sell the exact same "Cheddar & Sour Cream" potato chips comply with the law, specifically listing "artificially flavored" **on the front** of the labeling. Why doesn't Frito-Lay?

For the reasons set forth herein, Plaintiff respectfully requests the Court deny Defendant's MTD in its entirety. If the Court is inclined to grant any portion, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

Dated: August 21, 2020

DESAI LAW FIRM, P.C.

By: /s/ *Aashish Y. Desai*
Aashish Y. Desai
Adrianne De Castro

*Attorneys for Plaintiff Tami Svensrud*