UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00714-JLS-DFM                                                  Date: December 21, 2020
Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 23)**

Before the Court is Defendants' Motion to Dismiss.  (Mot., Doc. 23.)  Plaintiff opposed (Doc. 27) and Defendant replied (Doc. 30).[1]  For the following reasons, the Court GRANTS Defendants' Motion.

**I.    BACKGROUND**

This is a class action against Defendant Frito-Lay North America, Inc. ("Frito-Lay") for violations of the California Consumers Legal Remedies Act (Civ. Code § 1750), California unfair competition law (Bus. & Prof. Code § 17200, *et seq*.), and California unfair advertising law (Bus. & Prof. Code § 17500, *et seq*.).  (Compl. ¶¶ 47–71, Doc. 1-1).  Plaintiff Tami Svensrud filed her complaint in California superior court on March 3, 2020, and Defendant removed.  (Notice of Removal ("NOR"), Doc. 1).

Plaintiff Tami Svensrud alleges that she purchased Frito-Lay's Ruffles Cheddar & Sour Cream potato chips (the "Product") for personal consumption.  (Compl. ¶ 11).  Plaintiff argues that Frito-Lay misleads consumers by failing to label the Product as

---

[1] The Court, having found this matter appropriate for decision without oral argument, took the matter under submission.  (Doc. 34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00714-JLS-DFM | Date: December 21, 2020 |
| Title: Tami Svensrud v. Frito-Lay North America, Inc. et al | |

containing artificial flavoring. (*Id.* ¶ 2). Plaintiff alleges that the Product contains "artificial butter flavor" and that "cheddar cheese, one of the products [sic] 'distinguishable characterizing flavors,' also contains artificial flavor." (*Id.* ¶¶ 3–4). Although the term "artificial flavors" appears in the ingredients list on the back of the Product, Plaintiff maintains that California law requires that Defendant identify its product as "Artificially Flavored" on the *front* of the Product. (*Id.* ¶¶ 6, 19–20). Plaintiff contends that this mislabeling renders the Product's label deceptive under California law. (*Id.* ¶ 2). She asserts that she would not have purchased the product or would not have paid the full purchase price had Defendant "labeled its product accurately." (*Id.* ¶ 12). She also points out that cheddar-and-sour-cream-flavored potato chips produced by various other brands contain the words "artificially flavored" on the front of the product. (*Id.* ¶ 30).

      Defendant has moved to dismiss Plaintiff's class action claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mem. at 1).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

      In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00714-JLS-DFM | Date: December 21, 2020 |
| Title: Tami Svensrud v. Frito-Lay North America, Inc. et al | |

the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Rule 9(b)

Claims sounding in fraud are subject to Rule 9(b)'s heightened pleading standard, which requires that a plaintiff "state with particularity the circumstances constituting fraud[.]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

## III. JUDICIAL NOTICE

The Court takes judicial notice of Exhibit A to the Declaration of Priscilla Valtierra (Doc. 23-3), which contains the complete product packaging for Defendant's Ruffles Cheddar & Sour Cream Flavored Potato Chips. (Request for Judicial Notice, Doc. 23-1). "A court may consider documents attached to the complaint, incorporated by reference in the complaint, or judicially noticed without converting a motion to dismiss to a motion for summary judgment." *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *1 n.1 (N.D. Cal. Apr. 16, 2013). Here, the Product's labels are incorporated by reference in Plaintiff's Complaint. *See id.* (taking judicial notice of Splenda Essentials product labels); *see also In re Quaker Oats Maple & Brown Sugar*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  8:20-cv-00714-JLS-DFM | Date: December 21, 2020 |
| Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al | |

*Instant Oatmeal Litig.*, No. CV 16-1442-PSG-MRWx, 2017 WL 4676585, at *2 (C.D. Cal. Oct. 10, 2017) (taking judicial notice of the complete label for Quaker Classic Recipe Maple & Brown Sugar flavored instant oatmeal).

### IV.  DISCUSSION

Defendant argues that Plaintiff's claims must be dismissed because (1) Plaintiff's claims are preempted by the federal Food, Drug & Cosmetic Act (FDCA); (2) Plaintiff's claims fail under Rules 8(a) and 9(b); and (3) Plaintiff lacks standing to seek injunctive relief.  (Mot. at 4–15).  The Court addresses each argument in turn.

#### A.  Preemption by the FDCA

Defendant first argues that Plaintiff's claims, which are based on California law, should be dismissed as preempted because, if allowed to proceed, they would impose labeling requirements inconsistent with the FDCA.  (Mot. at 4; Reply at 2).

"Claims must be dismissed as expressly preempted by the Food, Drug, and Cosmetic Act ('FDCA') where they impose food labeling requirements 'not identical to' federal requirements."  *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. CV 16-1442-PSG-MRWx, 2018 WL 1616053, at *3 (C.D. Cal. Mar. 8, 2018) (citing 21 U.S.C. § 343–1(a)(2)).  Here, Plaintiff asserts that the Product is mislabeled under California's Sherman Food, Drug, and Cosmetic Act ("Sherman Law") because it does not state "Artificially Flavored" on the front of the packaging.  (Compl. ¶ 5) (citing Cal. Health & Safety Code § 110740).

California's Sherman Law imposes labeling requirements that are identical to the FDCA.  *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082 (N.D. Cal. 2014) ("Plaintiffs' state law claims are based on California's [Sherman Law], which adopts and incorporates the FDCA.")  To avoid preemption, therefore, Plaintiff's allegations must show that the Product violates the FDCA's labeling requirements or "raise claims that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:20-cv-00714-JLS-DFM | Date: December 21, 2020 |
| Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al | |

not addressed by federal law." *In re Quaker Oats*, 2018 WL 1616053, at *3; *see Salazar v. Honest Tea, Inc*., 74 F. Supp. 3d 1304, 1313 (E.D. Cal. 2014) ("[P]laintiff's claims will not be preempted if the requirements they seek to impose are identical to the requirements imposed under the FDCA and the NLEA.")

FDA regulations specifically address the labeling requirements for artificial flavors.  "The FDCA requires manufacturers to disclose the use of artificial flavoring, specifically providing that, if the product 'bears or contains any artificial flavoring, artificial coloring, or chemical preservative,' it must 'bear [ ] labeling stating this fact.'" *Dvora v. Gen. Mills, Inc*., No. CV 11-1074-GW-PLAx, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011) (quoting 21 U.S.C. § 343(k)).  The key regulation at issue here, 21 C.F.R. § 101.22(i), details how a product's "characterizing flavor" should be identified on the front label when it contains artificial flavors:

> If the food contains any artificial flavor which *simulates, resembles or reinforces the characterizing flavor*, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing flavor shall be accompanied by the word(s) "artificial" or "artificially flavored", in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "artificial vanilla", "artificially flavored strawberry", or "grape artificially flavored".

21 C.F.R. § 101.22(i)(2) (emphasis added.)

Here, the parties agree that cheddar cheese is one of the Product's characterizing flavors.  (Mot. at 5; Compl. ¶ 4).  Plaintiff has alleged that the Product contains both artificial butter flavor and artificial cheddar flavor.  (Compl. ¶¶ 3–4).  Regarding the first claim, Defendant argues, and the Court agrees, that "butter" is neither a characterizing flavor of the Product nor does it "simulate[], resemble[] or reinforce[] the characterizing flavor."  Plaintiff counters that "cheddar cheese is known for its 'buttery and milky

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  8:20-cv-00714-JLS-DFM | Date: December 21, 2020 |
| Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al | |

taste,'" and that the determination of whether butter simulates or reinforces the cheddar cheese flavor is not appropriate for adjudication at the pleading stage.  (Opp'n at 5, 6 n.1).  However, the FDA has provided clear guidelines for making this determination: "In determining whether added flavor does or does not simulate, resemble, or reinforce the characterizing flavor, the principal test will be to separate such added flavor from the product to determine whether it tastes like the characterizing natural flavor or approximates the flavor characteristics of any principal or key flavor Note."  *See* Food & Drug Admin., Food Labeling: Spices, Flavorings, Colorings, and Chemical Preservatives, 38 Fed. Reg. 33,284, 33,286 (Dec. 3, 1973).  The Court need only apply common sense to determine that butter flavor, separated from the rest of the product, does not taste like cheddar cheese—"it tastes like butter."  (Mot. at 6).

Regarding Plaintiff's second claim, Plaintiff alleges, "In fact, cheddar cheese, one of the products [sic] 'distinguishable characterizing flavors' also contains artificial flavor."  (Compl. ¶ 4).  Plaintiff's allegation seems to suggest that "cheddar cheese" *inherently* contains artificial flavor.  Plaintiff, however, neither supports this allegation nor does the FDA's standard of identity for cheddar cheese mention artificial flavors.  *See* 21 C.F.R. § 133.113 ("Cheddar Cheese").  Plaintiff has not alleged that Defendant added artificial cheddar flavor to its Product or that the Product does not contain real cheese.  In other words, there is nothing in the Complaint plausibly alleging that the Product's label violates the FDCA.

Because state-law labeling requirements must be identical to the requirements under the FDCA in order to avoid preemption, *Salazar*, 74 F. Supp. 3d at 1313, Plaintiff's failure to adequately allege a violation of the FDCA requires dismissal.  It is possible, however, that Plaintiff may cure the deficiencies regarding its cheddar cheese claim (but not its butter claim) through amendment.  Accordingly, the Court's dismissal is without prejudice as to the cheddar cheese claim.

    **B.**    **Sufficiency of Plaintiff's Allegations**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00714-JLS-DFM                               Date: December 21, 2020
Title: Tami Svensrud v. Frito-Lay North America, Inc. et al

As an additional basis for dismissal, Defendant also argues that Plaintiff's claims are insufficient because (1) Plaintiff provides no factual allegations supporting her contentions that the Product contains artificial flavors, as required by Rule 8(a), and (2) Plaintiff fails to adequately plead her claims of deception under Rule 9(b). The Court agrees.

### 1. Plaintiff has failed to plausibly plead that the Product contains artificial flavors

To avoid dismissal, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, Plaintiff merely alleges, without any further support, that "[i]n fact, cheddar cheese, one of the products [sic] 'distinguishing characterizing flavors,' also contains artificial flavor." (Compl. ¶¶ 3–4). Plaintiff's conclusory allegations are devoid of any facts suggesting the basis for her claim that the Product contains artificial cheddar. Accordingly, "Plaintiff has not alleged sufficient facts to 'nudge [her] claims . . . across the line from conceivable to plausible.'" *Zaback v. Kellogg Sales Co.*, No. 3:20-CV-00268-BEN-MSB, 2020 WL 3414656, at *3 (S.D. Cal. June 22, 2020) (quoting *Iqbal*, 556 U.S. at 680); *see also Forsher v. J.M. Smucker Co.*, No. 5:19-CV-00194, 2020 WL 1531160, at *4 (N.D. Ohio Mar. 31, 2020) (dismissing challenges under the CLRA, FAL, and UCL to Jif Peanut Butter's "natural" statements where "Plaintiff fail[ed] to provide any facts showing that the Products contain sugar derived from [genetically modified] beets").

Because Plaintiff's claims lack any factual support rendering them plausible, they must be dismissed.

### 2. Plaintiff has failed to adequately plead deception under Rule 9(b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00714-JLS-DFM                                         Date: December 21, 2020
Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al

     Claims under the UCL, FAL, and CLRA do not necessarily require a showing of fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  But if a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim," then the claim "sounds in fraud" and is subject to the Rule 9(b) pleading standard.  *Id.*

     Here, Plaintiff alleges that "Defendant hides references to its artificial butter and cheddar cheese flavor in the ingredient list" and that the resulting "labeling scheme . . . is designed to mislead consumers."  (Compl. ¶ 8).  Plaintiff further alleges that "[s]he purchased these chips in reliance of [sic] the representations made by Defendant" and "[h]ad Defendant labeled its product accurately, she would not have purchased the product."  (Compl. ¶ 12).  Plaintiff, however, has "not alleged in the detail required by Rule 9(b) how Plaintiff[] [was] actually misled."  *Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) ("Plaintiffs must offer more than their legal conclusion that they were 'unaware' that the products were 'misbranded'").  Nowhere in the Complaint does Plaintiff allege what she believed the Product's labels to mean or how exactly she was allegedly misled.  The Court cannot discern from the Complaint whether Plaintiff was led to believe, for example, that the Product contained no artificial flavors, no artificial flavors simulating cheddar or sour cream, or no artificial ingredients at all.  (*See Mot*. at 11).

     Plaintiff attaches a declaration to her Opposition that elaborates on this point.  (Svensrud Decl. ¶ 4, Doc. 27-1).  However, as Defendant correctly argues, "a court cannot consider evidence outside the pleadings" when ruling on a motion to dismiss.  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.")

     Plaintiff therefore fails to plead her allegations of deception with sufficient particularity under Rule 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00714-JLS-DFM                                    Date: December 21, 2020
Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al

### C. Standing to Seek Injunctive Relief

Defendant also argues that Plaintiff lacks standing to pursue injunctive relief because she has failed to "allege that she wants or intends to purchase the Product in the future."  (Mot. at 16).  The Court finds that this, too, provides an additional basis for dismissal.

"[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm."  *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 969 (9th Cir.), *cert. denied*, 139 S. Ct. 640, 202 L. Ed. 2d 492 (2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id*.  "Thus in order to demonstrate standing to seek injunctive relief, a plaintiff need only plausibly allege an intention to purchase the implicated product again in the future and explain that she will be unable to rely on the product's advertising . . . in the future, and so will not purchase the product although she would like to."  *Nickerson v. Goodyear Tire & Rubber Corp*., No. 8:20-CV-00060-JLS-JDE, 2020 WL 4937561, at *10 (C.D. Cal. June 3, 2020) (internal citations omitted).

Here, Plaintiff's allegations are insufficient to demonstrate standing to pursue injunctive relief.  Plaintiff alleges only that, "Had Defendant labeled its product accurately, she would not have purchased the product or would not have paid the full purchase price."  (Compl. ¶ 12).  Because this statement is insufficient to demonstrate an "actual and imminent" threat of future harm, *Davidson*, 889 F.3d at 969, the Court finds that Plaintiff lacks standing to seek injunctive relief.[2]  *See Cordes v. Boulder Brands*

---

[2] Plaintiff tries to cure the deficiencies of her standing allegations through the Declaration attached to her Opposition (Svensrud Decl. ¶ 4), but the Court declines to consider this extrinsic evidence.  Although Defendant did not invoke 12(b)(1) in its motion, a challenge to standing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00714-JLS-DFM                                   Date: December 21, 2020
Title:  Tami Svensrud v. Frito-Lay North America, Inc. et al

*USA, Inc*., No. CV 18-6534-PSG-JCx, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) ("The complete absence of any allegations about Plaintiff's future intentions with regard to the Product is enough for the Court to find that he lacks standing to sue for injunctive relief.")  This deficiency, however, may be remedied upon amendment.

### V.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Plaintiffs are GRANTED LEAVE TO AMEND the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations.  Plaintiffs may not add claims or new defendants to their pleading.  Any amended complaint shall be filed **within twenty-one (21) days of the date of this Order**.  Failure to timely file an

---

"pertain[s] to a federal court's subject-matter jurisdiction under Article III" and is therefore "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.*  Here, Defendant's motion is properly characterized as a facial attack, since Defendant asserts only that the allegations in the complaint are insufficient to establish standing to pursue injunctive relief. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Although a district court may consider extrinsic evidence in a factual attack, a court resolves facial attacks based on the allegations in the complaint, accepting them as true. *Id.*; *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014).  The Court notes, however, that even if it were to consider Plaintiff's declaration, it is unclear that Plaintiff has plausibly reconciled her statement that if Defendant "accurately labeled their product . . . [she] would consider purchasing the Product again" (Svensrud Decl. ¶ 4) with her earlier allegation that "[h]ad Defendant labeled its product accurately, she would not have purchased the product or would not have paid the full purchase price" (Compl. ¶ 12).  Nonetheless, it is possible that Plaintiff may cure this deficiency through further explanation in an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00714-JLS-DFM                        Date: December 21, 2020
Title: Tami Svensrud v. Frito-Lay North America, Inc. et al

amended complaint will result in the dismissal of this action and closing of the case without further notice.

                                                              Initials of Deputy Clerk: mku