ANDREW S. TULUMELLO, SBN 196484
  atulumello@gibsondunn.com
CHANTALE FIEBIG, *pro hac vice*
  cfiebig@gibsondunn.com
ARIANNA M. SCAVETTI, *pro hac vice*
  ascavetti@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Counsel for Defendant Frito-Lay North America*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TAMI SVENSRUD, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

FRITO-LAY NORTH AMERICA,
INC., a Delaware Corporation, and
DOES 1-10, inclusive,

Defendant.

CASE NO. 8:20-cv-00714-JLS-DFM

**DEFENDANT'S NOTICE OF
MOTION AND MOTION TO
DISMISS FIRST AMENDED CLASS
ACTION COMPLAINT AND
MEMORANDUM OF POINTS AND
AUTHORITIES**

**Hearing:**
Date:  June 18, 2021
Time:  10:30 a.m.
Place:  Courtroom 10A
The Honorable Josephine L. Staton

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 18, 2021, or as soon thereafter as may be heard by the Honorable Josephine L. Staton, in Courtroom 10A of this Court, Defendant Frito-Lay North America, Inc. ("Frito-Lay") will and does move this Court pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice all of the claims contained in the First Amended Class Action Complaint.

Defendant brings this motion on the grounds that Plaintiff's amended complaint is procedurally improper; Plaintiff has not pled facts sufficient to support her claims under Rules 8(a) and 9(b); Plaintiff's claims seek to impose flavor labeling requirements that are not identical to those imposed by federal law and are thus preempted by the federal Food, Drug & Cosmetic Act; Plaintiff has failed to plausibly allege under Rule 12(b)(6) that any objective reasonable consumer would be deceived by the challenged flavor labeling; and Plaintiff had not pleaded her entitlement to equitable relief. Defendant also seeks fees and costs incurred in moving to dismiss the amended complaint.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the existing record, and such other written and oral arguments as may be presented to the Court. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 26, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................... 1

BACKGROUND ............................................................................................ 2

LEGAL STANDARD ..................................................................................... 3

ARGUMENT .................................................................................................. 4

     A.     Plaintiff's Amended Claims Are Improper, Implausible, And Inadequately Pled ....................................................................... 4

     B.     Plaintiff's Claims Are Preempted By The Food, Drug & Cosmetic Act ............................................................................................... 8

     C.     Plaintiff Fails To Plausibly Allege That A Reasonable Consumer Would Be Deceived By The Product's Label ............................. 10

     D.     Plaintiff's Claims For Equitable Relief Fail ............................... 14

     E.     This Court Should Award Frito-Lay Attorneys' Fees And Costs ........... 15

CONCLUSION ............................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Adams v. Cole Haan, LLC*,
    No. 20-cv-913, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)...................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................4, 6, 7, 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................4

*Brown v. Starbucks Co.*,
    No. 18-cv-2286, 2019 WL 996399 (S.D. Cal. Mar. 1, 2019) ......................10, 13, 14

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)................................................................................................16

*Clark v. Perfect Bar, LLC*,
    No. 18-cv-06006, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) ..........................11

*Clark v. Westbrae Nat., Inc.*,
    No. 20-cv-03221, 2020 WL 7043879 (N.D. Cal. Dec. 1, 2020) ............................12

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)..............................................................................................17

*Cosgrove v. Blue Diamond Growers*,
    No. 19-cv-8993, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ...............................12

*Crosby v. Nat'l Foreign Trade Council*,
    530 U.S. 363 (2000)................................................................................................4

*E&E Co. Ltd v. Kam Hing Enterprises, Inc.*,
    429 F. App'x 632 (9th Cir. 2011) .............................................................................7

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .................................................................................10

*Fasugbe v. Willms*,
    No. 2:10-cv-2320 WBS, 2011 WL 2119128 (E.D. Cal. May 26, 2011)...................6

*Figy v. Frito-Lay N. Am., Inc.*,
    67 F. Supp. 3d 1075 (N.D. Cal. 2014)....................................................................14

ii

## **TABLE OF AUTHORITIES**

Page(s)

*Forsher v. J.M. Smucker Co.*,
No. 5:19-cv-00194, 2020 WL 1531160 (N.D. Ohio Mar. 31, 2020) ........................ 7

*Gammel v. Hewlett-Packard Co.*,
No. 11-cv-1404, 2013 WL 1947525 (C.D. Cal. May 8, 2013) ................................. 6

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017) ........................................................................................... 16

*Hairston v. South Beach Beverage Co.*,
No. 12-cv-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ............................ 17

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................................. 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ......................................................................................... 15

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ................................................................................. 10

*Maxwell v. Unilever U.S., Inc.*,
No. 12-cv-1736, 2018 WL 1536761 (N.D. Cal. Mar. 29, 2018) ............................ 12

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) ................................................................................. 13

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ............................................................................. 7, 10

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
514 F.3d 856 (9th Cir. 2007) ................................................................................... 6

*Pelayo v. Nestlé USA, Inc.*,
989 F. Supp. 2d 973 (C.D. Cal. 2013) ................................................................... 10

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*,
No. 16-cv-1442, 2018 WL 1616053 (C.D. Cal. Mar. 8, 2018) ............................ 8, 9

*Red v. Kraft Foods, Inc.*,
No. 10-cv-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ............................. 14

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009) ................................................................................. 15

iii

# <u>TABLE OF AUTHORITIES</u>

Page(s)

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035 (9th Cir. 2010) .................................................................. 6

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) .................................................................. 4

*Simmons v. Seal*,
   No. 07-cv-01205, 2008 WL 1869702 (N.D. Cal. Apr. 24, 2008) ............. 5

*Sollenne v. U.S. Bank Nat'l Ass'n*,
   No. 12-cv-2977, 2014 WL 3341051 (S.D. Cal. July 8, 2014) ............. 3, 5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................................. 15

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................. 4

*Williamson Family Trust v. CIT Group/Consumer Finance, Inc.*,
   205 Fed. App'x. 616 (9th Cir. 2006) ...................................................... 17

*Workman v. Plum, Inc.*,
   141 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................. 13

*Yumul v. Smart Balance*, *Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) .................................................. 10

*Zaback v. Kellogg Sales Co.*,
   No. 3:20-cv-00268, 2020 WL 3414656 (S.D. Cal. June 22, 2020).......... 7

**Statutes**

21 U.S.C. § 343 *et seq.* .................................................................................. 8

28 U.S.C. § 1927.......................................................................................... 16

**Rules**

Fed. R. Civ. P. 8........................................................................................ 4, 7

Fed. R. Civ. P. 9........................................................................................ 4, 7

Fed. R. Civ. P. 11................................................................................ 1, 5, 16

Fed. R. Civ. P. 12...................................................................................... 10

iv

## TABLE OF AUTHORITIES

Page(s)

**Regulations**

21 C.F.R. § 101.22 ................................................................................... 1, 8, 10

Food & Drug Admin., Food Labeling: Spices, Flavorings, Colorings, and
　　Chemical Preservatives, 38 Fed. Reg. 33,284, 33,286 (Dec. 3, 1973) ....................... 8

# INTRODUCTION

Plaintiff's lawsuit is a textbook example of bad-faith litigation.  Plaintiff's original complaint—which the Court dismissed—alleged that Ruffles Cheddar & Sour Cream potato chips contained an artificial butter flavor that imparted the Product's cheddar cheese flavor.  This Court dismissed the complaint on multiple grounds, including that the Plaintiff had not conducted adequate research or provided any factual support for that conclusory allegation and that under FDA regulations it is self-evident that an artificial butter flavor "tastes like butter" and not cheddar cheese.  Order Granting Def.'s Mot. to Dismiss, ECF No. 35 ("Order"), at 6.  Although the Court granted Plaintiff leave to amend to allege "in a manner consistent with all Rule 11 obligations" that Frito-Lay uses an artificial *cheddar cheese* flavor, *id.* at 10, Plaintiff ignored that directive and now contends that the alleged artificial butter flavor (diacetyl) imparts the Product's *sour cream* flavor, rather than (as in the original complaint) the cheddar cheese flavor.  The amended complaint disregards and defies the Court's Order and should be dismissed on that basis alone.  It also should be dismissed because it does not state a viable claim any more than the previous complaint: Plaintiff cites ***no facts*** to support the utterly conclusory assertion that the Product contains artificial diacetyl—let alone that artificial diacetyl, rather than the real sour cream in the Product, imparts the characterizing sour cream flavor.

The amended complaint should also be dismissed because Plaintiff's sour cream claims under California law are preempted for the same reason the Court held the initial claims preempted: a front-of-pack "Artificially Flavored" label is not required by federal law in these circumstances.  As the Court recognized, a product must contain this front-of-pack disclosure when—and only when—an artificial flavor "simulates, resembles or reinforces" what is known as the "characterizing flavor[s]."  *See* 21 C.F.R. § 101.22(i)(2).  Here, the characterizing flavors are undisputedly cheddar cheese and sour cream.  And even if Plaintiff adequately alleged the presence of an artificial butter flavor in the Product (she does not), federal regulations would *not* require a front-of-

pack "Artificially Flavored" label because butter is not a characterizing flavor of the Product.   The Product's labels fully comply with federal regulations and thus the amended claims are preempted.

If ever a case warranted an assessment of fees and costs under this Court's inherent authority, this is it.   The FAC improperly raises a new claim contrary to this Court's instruction; contains *no factual allegations* and relies instead on speculation that the Product fails to comply with federal law; and cannot show that a reasonable consumer would be deceived by the Product's labeling.   Plaintiff's claims should be dismissed with prejudice and the Court should consider an award of attorneys' fees and costs to Frito-Lay.

## BACKGROUND

This Court has already dismissed Plaintiff's claims once, holding they were preempted, unsupported with factual allegations, and implausible.  *See* Order at 4–8.  In Plaintiff's original complaint, she alleged the Product's "Cheddar & Sour Cream Flavored" statement was deceptive or misleading under California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law, because the Product allegedly contained an artificial butter flavor that was not adequately disclosed. Compl., ECF No. 1-1, at ¶¶ 47–71.  Plaintiff's complaint also alleged the actual cheddar cheese in the Product contains artificial flavor.  *Id.* ¶¶ 3–4.  The Court dismissed all of the claims with prejudice, except the cheddar cheese claim.   Although the Court held that Plaintiff had not adequately alleged that the cheddar cheese in the Product contained artificial flavor, Order at 6, the Court allowed Plaintiff the opportunity to "cure the deficiencies regarding its cheddar cheese claim," and added this limitation—"but not its butter claim."  *Id.*; *see also id.* at 10 ("Plaintiffs may not add claims or new defendants to their pleading.").

The FAC, however, abandons the cheddar cheese claim altogether and makes no effort to cure the deficiencies in the initial complaint's allegations that the Product contains an artificial cheddar cheese flavor, or that cheddar cheese inherently contains

2

an artificial flavor. Instead, the FAC introduces a different claim that an artificial butter flavor is responsible for the Product's *sour cream* flavor. FAC ¶ 6. Plaintiff now alleges that the Product contains artificial diacetyl—a butter flavor compound, *id.* ¶¶ 6, 28—that appears nowhere in her original complaint, and she no longer alleges any deception relating to cheddar cheese.[1]

The other basic allegations—and deficiencies in the claims—remain the same: Plaintiff asserts that she purchased and/or consumed Ruffles Cheddar & Sour Cream Flavored Potato Chips for personal consumption during the statutory period. *Id.* ¶ 12. Plaintiff admits that the front of the Product's package states "Flavored" next to the "Cheddar & Sour Cream" flavor name on the front of the Product label. *Id.* ¶¶ 9, 24. Plaintiff also acknowledges that the ingredient list discloses that the Product's ingredients include artificial flavors, and that it states the Product contains actual cheddar cheese and sour cream. *Id.* ¶ 23. Plaintiff concedes that the Product's characterizing flavors include sour cream, *id.* ¶ 4, and does not allege the Product tastes like anything other than cheddar cheese or sour cream. Plaintiff claims—despite the clear disclosure in the ingredient list—that she believed at the time of purchase that the Product did not contain any artificial flavors. *Id.* ¶ 12. She does not allege that the label claims anywhere that the Product contained only natural flavors or no artificial flavors.

## LEGAL STANDARD

Courts may consider at the motion to dismiss stage whether amendments to a complaint exceed the scope of any amendment authorized by the court. *Sollenne v. U.S. Bank Nat'l Ass'n*, No. 12-cv-2977, 2014 WL 3341051, at *3 (S.D. Cal. July 8, 2014). When, as here, a plaintiff is "not granted permission to amend the complaint to assert new claims, and did not seek such permission from th[e] Court," the amendment asserting new claims is "improper" and "dismissal is appropriate." *Id.*

---

[1] Moreover, in opposing Defendant's motion to dismiss her original complaint, Plaintiff argued that diacetyl imparted the Product's cheddar cheese flavor. Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 27 ("Opp."), at 6 n.1. Plaintiff now alleges that diacetyl imparts a sour cream flavor. FAC ¶ 6.

Dismissal is also appropriate where a plaintiff's claims are preempted. The Supremacy Clause of the United States Constitution grants Congress the power to preempt state law. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Any state-law claims that are preempted by federal law must be dismissed. *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1008 (9th Cir. 2008).

Additionally, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## ARGUMENT

### A.   Plaintiff's Amended Claims Are Improper, Implausible, And Inadequately Pled

In the two weeks between the Court's dismissal of Plaintiff's initial complaint and the filing of the FAC, Plaintiff has embraced an entirely new—and contradictory—theory of liability. The Court should dismiss this new theory, and the FAC as a whole, as procedurally improper and inadequately pled under Rules 8(a) and 9(b).

The FAC is procedurally improper because it violates the express limitations of the Court's Order granting Plaintiff leave to amend. The Court ordered that Plaintiff was granted leave to amend *only* as to her cheddar cheese claim, which was based on an

4

allegation that the Product contained *artificial cheddar flavor*.  The Court was clear in its ruling granting limited leave to amend:  "It is possible, however, that Plaintiff may cure the deficiencies regarding its cheddar cheese claim (but not its butter claim) through amendment.  Accordingly, the Court's dismissal is without prejudice as to the cheddar cheese claim."  Order at 6.  The Court emphasized, "Plaintiffs may not add claims or new defendants to their pleading."  *Id.* at 10.  This language is clear that the Court dismissed all of Plaintiff's claims with prejudice *except* its cheddar cheese claim alleging that the Product should be labeled "Artificially Flavored" based on the alleged presence of artificial cheddar flavor.

But the FAC no longer asserts any claim at all based on an artificial cheddar flavor.  Instead, it adds an entirely new theory as to the alleged artificial butter flavor, which Plaintiff now contends imparts the Product's *sour cream* flavor.  FAC ¶ 6 ("However, the 'sour cream' flavor is produced with artificial diacetyl, an artificial compound.").  This change is either an impermissible amendment of Plaintiff's butter claim (which the Court dismissed with prejudice, Order at 6), or an entirely new claim (which the Court expressly denied Plaintiff leave to add, *id.* at 10).  Either way, it is not an amendment of Plaintiff's cheddar cheese claim, which was the only amendment permitted.  Plaintiff's violation of the Court's Order alone warrants dismissal.  *See Sollenne*, 2014 WL 3341051, at *3 ("Plaintiffs were not granted permission to amend the complaint to assert new claims, and did not seek such permission from this Court.  Plaintiffs' attempt to assert additional claims is therefore improper, and dismissal is appropriate."); *Simmons v. Seal*, No. 07-cv-01205, 2008 WL 1869702, at *5 (N.D. Cal. Apr. 24, 2008) ("[T]he Court granted leave to amend the complaint to correct pleading deficiencies, but did not give Plaintiff permission to add any new claims. . . . Because the new allegation . . . is unrelated to the original complaint, it may be brought only in a new complaint, if it can be properly alleged.").

The amended claims also should be dismissed because Plaintiff's revision of her theory defies common sense and is not brought "in a manner consistent with all Rule 11

5

obligations." Order at 10. Although "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations," *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007), "[c]ourts may consider allegations in previous complaints 'in determining the *plausibility* of the current pleadings.'" *Gammel v. Hewlett-Packard Co.*, No. 11-cv-1404 , 2013 WL 1947525, at *5 (C.D. Cal. May 8, 2013) (quoting *Fasugbe v. Willms*, No. 2:10-cv-2320 WBS, 2011 WL 2119128 (E.D. Cal. May 26, 2011)). Plaintiff provides no explanation for what she learned in the two weeks following dismissal of her initial complaint to convince her that the alleged artificial diacetyl in the Product simulates a sour cream flavor, instead of a cheddar cheese flavor.

Moreover, Plaintiff does not allege *any* facts sufficient to support the assertion that the Product contains artificial diacetyl *at all*, much less artificial diacetyl that imparts a sour cream flavor. She alleges, "Upon information and belief, Defendant's product contains diacetyl at over 1,000 parts per million ('PPM')." FAC ¶ 34. But this epitomizes a "bare assertion[]." *Iqbal*, 556 U.S. at 681. Plaintiff provides no facts—none—on which this "information and belief" is formed. Has Plaintiff conducted some sort of testing? She does not say so. Has she reviewed reports of the Product's composition? No word. Has Plaintiff or Plaintiff's counsel performed any factual investigation? Not a single sentence in the FAC suggests that *any* investigation, let alone a reasonably diligent investigation, occurred here. The FAC thus falls below pleading requirements because it lacks "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 662).

The implausibility of Plaintiff's claim is even more evident here because this Product contains *actual* sour cream, FAC ¶ 23, which Plaintiff *concedes* may itself be the source of the diacetyl. *Id.* ¶ 30 (asserting that certain types of sour cream are "characterized by moderate to high levels of diacetyl"). Plaintiff nowhere alleges that the amount of diacetyl in the Product—even if her unsupported allegation about the

6

levels is accurate—could not come from the actual sour cream in the Product. *See Iqbal*, 556 U.S. at 682 (dismissing respondent's allegations of discrimination where an "obvious alternative explanation" was equally plausible).[2]

Just as in her prior complaint, "Plaintiff has not alleged sufficient facts to 'nudge [her] claims . . . across the line from conceivable to plausible.'" *Zaback v. Kellogg Sales Co.*, No. 3:20-cv-00268, 2020 WL 3414656, at *3 (S.D. Cal. June 22, 2020) (quoting *Iqbal*, 556 U.S. at 680); *see also Forsher v. J.M. Smucker Co.*, No. 5:19-cv-00194, 2020 WL 1531160, at *4 (N.D. Ohio Mar. 31, 2020) (dismissing challenges under the CLRA, FAL, and UCL to Jif Peanut Butter's "natural" statements where "Plaintiff fail[ed] to provide any facts showing that the Products contain sugar derived from [genetically modified] beets"). She has offered nothing more than bare, unsupported assertions that the Product contains artificial diacetyl *at all*.

This is a far cry from satisfying even the demands of Rule 8(a), let alone the heightened pleading standard of Rule 9(b). California state consumer deception claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b), which requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (applying Rule 9(b) to claims under the CLRA and UCL).[3] Plaintiff's continued efforts to base a claim on unsupported speculation about the Product's ingredients are inadequate under the applicable pleading standards and dismissal with prejudice is warranted again—this time as to all claims.

---

[2] The FAC is also silent on whether any of the Product's other ingredients, including cheddar cheese, milk, cheese cultures, buttermilk, lactose, butter, skim milk, blue cheese, and lactic acid, may be contributing to the Product's alleged diacetyl levels. FAC ¶ 23.

[3] Plaintiff has previously argued for application of an undefined "relaxed standard" for pleading allegations of fraud. Opp. at 12. But even the cases Plaintiff cited for this purported "relaxed standard" recognize that Plaintiff's allegations of fraud must at least be "accompanied by a statement of the facts on which the belief is founded." *E&E Co. Ltd v. Kam Hing Enterprises, Inc.*, 429 F. App'x 632, 633 (9th Cir. 2011); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiff has not pleaded any such facts here.

7

**B.     Plaintiff's Claims Are Preempted By The Food, Drug & Cosmetic Act**

Plaintiff's claims should also once again be dismissed as preempted. "Claims must be dismissed as expressly preempted by the Food, Drug, and Cosmetic Act ('FDCA') where they impose food labeling requirements 'not identical to' federal requirements." Order at 4 (quoting *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. 16-cv-1442, 2018 WL 1616053, at *3 (C.D. Cal. Mar. 8, 2018)). "To avoid preemption, therefore, Plaintiff's allegations must show that the Product violates the FDCA's labeling requirements or 'raise claims that are not addressed by federal law.'" *Id.* at 4–5 (quoting *In re Quaker Oats*, 2018 WL 1616053, at *3).

As the Court has already recognized, federal law requires a front-of-pack "Artificially Flavored" statement only if the artificial flavors in the Product "simulate, resemble or reinforce" the cheddar cheese or sour cream "characterizing flavors" of the Product. *See* 21 C.F.R. § 101.22(i)(2); *see also* Order at 5–6. Federal regulations do not impose any front-of-package labeling requirements if a food contains artificial flavor that does *not* "simulate, resemble or reinforce" the characterizing flavor. *Id.*

In the FAC, Plaintiff again fails to plausibly allege that the Product contains an artificial flavor that simulates, resembles, or reinforces the Product's characterizing flavors. This is fatal to her claim. The Court previously applied FDA's test to determine whether an artificial flavor "simulates, resembles or reinforces" the characterizing flavor: "[T]he principal test will be to separate such added flavor from the product to determine whether it tastes like the characterizing natural flavor or approximates the flavor characteristics of any principal or key flavor note[.]" Food & Drug Admin., Food Labeling: Spices, Flavorings, Colorings, and Chemical Preservatives, 38 Fed. Reg. 33,284, 33,286 (Dec. 3, 1973); *see* Order at 6. The same test applies with respect to the allegations of the FAC. Plaintiff acknowledges that diacetyl gives off a butter flavor. FAC ¶ 28. Just as the Court previously held that common sense dictates that a butter flavor does not taste like cheddar cheese, so too common sense dictates that butter flavor does not taste like sour cream—it still "tastes like butter." Order at 6.

8

Just as with Plaintiff's prior claims, it is not enough for Plaintiff to allege generally that some sour cream has a "buttery" aroma. FAC ¶ 28. FDA for decades has distinguished between artificial flavors that "simulate, resemble or reinforce" the characterizing flavor and those that provide other effects on flavor. For example, FDA has given clear guidance that an artificial flavor that "merely modifies, rounds out, or gives a particular cast to an existing flavor" does *not* "simulate, resemble, or reinforce" the characterizing flavor. 38 Fed. Reg. at 33,286.

In fact, Plaintiff's observation that diacetyl is behind many flavors contradicts her argument that it "simulates, resembles or reinforces" the sour cream flavor. Plaintiff alleges that "[d]iacetyl has the *identical* taste and composition *regardless* of whether it is there for the sour cream, cheddar cheese or a butter flavor." FAC ¶ 38 (emphases added). But under Plaintiff's logic, diacetyl would not just "simulate, resemble or reinforce" the sour cream flavor—it would also "simulate, resemble or reinforce" the cheddar cheese flavor, a claim this Court has already rejected. Order at 6.

Since Plaintiff has failed to allege that the Product contains an artificial flavor that simulates, resembles, or reinforces the characterizing flavor, she has again failed to demonstrate that the Product's labels violate federal law. *Id.* And "[b]ecause state-law labeling requirements must be identical to the requirements under the FDCA in order to avoid preemption . . . Plaintiff's failure to adequately allege a violation of the FDCA requires dismissal." *Id.*; *see also* 21 U.S.C. § 343-1(a)(3) (claims that impose flavor requirements other than those imposed by federal law are expressly preempted); *In re Quaker Oats,* 2018 WL 1616053, at *3. Plaintiff may not use this lawsuit to impose on Frito-Lay labeling requirements that differ from those imposed by federal law. Because Plaintiff's state-law claims are preempted, any amendment would be futile, and the FAC should be dismissed entirely with prejudice.[4]

---

[4] Plaintiff also contends that Frito-Lay *must* be violating federal regulations because certain other companies' cheddar and sour cream potato chips carry front-of-package *(Cont'd on next page)*

**C.      Plaintiff Fails To Plausibly Allege That A Reasonable Consumer Would Be Deceived By The Product's Label**

Plaintiff's claims also fail for the additional and independent reason that they are not plausibly alleged under Rule 12(b)(6).  In order to state a claim for relief under California's consumer protection statutes, Plaintiff is required to plausibly plead that an *objectively* reasonable consumer would be deceived by Frito-Lay's labeling.  *See Pelayo v. Nestlé USA, Inc.*, 989 F. Supp. 2d 973, 977–78 (C.D. Cal. 2013) (applying test of whether a reasonable consumer is "likely to be deceived" to claims under the CLRA and UCL); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Where a court can determine, upon review of the packaging, that a reasonable consumer would not be deceived by it, dismissal is appropriate because the claims fail as a matter of law. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965–66 (9th Cir. 2016).  While the "reasonable consumer" test does not command that a consumer be "versed in the art of inspecting and judging a product," *Brown v. Starbucks Co.*, No. 18-cv-2286, 2019 WL 996399, at *2 (S.D. Cal. Mar. 1, 2019) (quoting *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010)), it nonetheless "requires more than a mere possibility that [the product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'"  *Ebner*, 838 F.3d at 965 (quoting *Lavie*, 105 Cal. App. 4th at 508).

Here, Plaintiff alleges that she was personally deceived into believing that the Product "did not contain any artificial flavoring" since the front of the package did not say "artificial flavor[]."  FAC ¶ 12.  This is implausible, because she does not allege the Product claimed to be free of artificial flavors and, in fact, acknowledges that the ingredients list states the Product contains "Natural and Artificial Flavor."  *Id.* ¶ 23.  But

"Artificially Flavored" statements.  FAC ¶¶ 8, 56.  But the FAC lacks any facts sufficient to determine whether those products contain the same ingredients as the Product at issue here.  *Id.*  Those products very well may include artificial cheddar cheese or sour cream flavors that "simulate[], resemble[] or reinforce[] the characterizing flavor," which is the key issue that determines whether front-of-package labeling is required under the regulations. *See* 21 C.F.R. § 101.22(i)(2).  The labels on other products with unspecified ingredients do not—and cannot—show that *Frito-Lay* is violating FDCA flavor labeling regulations.

even if Plaintiff *were* deceived (although it is not plausible that she was), a straightforward review of the Product label reveals the label is not remotely false or misleading to an objectively reasonable consumer.

To start, the Product openly states that it contains artificial flavors. The descriptor "Natural and Artificial Flavor" appears in the ingredient list, as Plaintiff herself acknowledges. *Id.* ¶ 23. This plainly refutes Plaintiff's assertion that "[a]n average consumer would not know the true nature of the ingredients merely by reading the ingredient label" and that "discovery requires investigation beyond the grocery store and knowledge of food chemistry beyond that of the average consumer." *Id.* ¶ 58. Reading the ingredient label clearly confirms that the Product contains artificial flavors. No advanced knowledge or "investigation" is required. Plaintiff states no plausible claim of deception since the allegedly omitted information is plainly disclosed on label. *See Clark v. Perfect Bar, LLC*, No. 18-cv-06006, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018), *aff'd*, 816 F. App'x 141 (9th Cir. 2020) ("The actual ingredients were fully disclosed. Reasonable purchasers could decide for themselves how healthy or not the sugar content would be.").

The absence of a front-of-package "Artificially Flavored" statement does not change the analysis. As set forth above, FDA has rejected the position that any use of artificial flavors in the Product requires a front-of-package disclosure; instead, such disclosure is only required where the artificial flavors "simulate, resemble or reinforce" the characterizing flavor. Under Plaintiff's standard, even a drop of artificial flavoring, no matter how inconsequential to the characterizing flavor, would require the Product to be labeled "Artificially Flavored." That interpretation of a label conflicts directly with FDA regulations. Indeed, it would be *unreasonable* for any consumer to conclude— based on the *absence* of a front-of-package disclosure—that the Product contains no artificial flavoring ingredients at all. Moreover, the Product says "Flavored" on the front-of-pack, includes artificial flavors in the ingredient list, and is not alleged to carry any affirmative statement (or picture or vignette) of any kind that it contains only natural

11

flavors or natural ingredients. *See Maxwell v. Unilever U.S., Inc.*, No. 12-cv-1736, 2018 WL 1536761, at *6 (N.D. Cal. Mar. 29, 2018) ("It would not be reasonable for a consumer to assume, just based on the absence of some kind of affirmative indicator of artificiality in a back-side ingredient list, that a product was not artificial.").

Plaintiff's deception claim fundamentally misunderstands that a front label generally communicates *flavors*, not ingredients, to reasonable consumers. *See Clark v. Westbrae Nat., Inc.*, No. 20-cv-03221, 2020 WL 7043879, at *3 (N.D. Cal. Dec. 1, 2020). Indeed, in the recent decision in *Cosgrove v. Blue Diamond Growers*, No. 19-cv-8993, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020), the court rejected similar claims that a product's description of its flavors did not disclose enough information about its precise ingredients. In *Cosgrove*, plaintiffs alleged that the label "Vanilla" on defendant's almond milk product was misleading because the product contained vanilla-flavored ingredients other than the "authentic" vanilla extracted from the tropical orchid plant. *Id.* at *3. The court held that the product was not misleading to a reasonable consumer because "when a product makes representations about only the flavor, the appropriate inquiry is whether the product indeed has that flavor." *Id.* at *5. The court concluded reasonable consumers were not deceived by the true and accurate flavor descriptions, and dismissed plaintiffs' claim. *Id.* Here, as in *Cosgrove*, a reasonable consumer would interpret the Product's "Cheddar & Sour Cream Flavored" statement as simply a description of the type of tastes (cheddar and sour cream) that Plaintiff concedes the Product's flavoring ingredients produce.

Nor is there any basis to conclude that a reasonable consumer would interpret—as Plaintiff purportedly did—the words "Cheddar & Sour Cream Flavored" to promise a product free from artificial flavors. The FAC does not allege that the Product label affirmatively promised that the Product was free from artificial flavors. Indeed, it concedes that the ingredient list discloses the presence of artificial flavors. The Product's labeling does not become false or misleading simply because Plaintiff subjectively and supposedly believed that she was purchasing potato chips free from

12

artificial flavors when the Product promised no such thing.  In false advertising cases such as these, "[a] plaintiff . . . must do more than allege that she 'did not receive the benefit she *thought* she was obtaining.' The plaintiff must show that she did not receive a benefit for which she actually *bargained*."  *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020) (holding the plaintiff failed to allege an injury where the product did not make affirmative representations about its safety).  Here, Plaintiff did not bargain for a Product free from artificial flavors; she bargained for cheddar and sour cream flavored potato chips—containing "natural and artificial flavor" as the ingredient list clearly states—and received exactly that.

Plaintiff claims consumers are not expected to read the ingredient list to determine if the Product contains artificial flavors, but she is incorrect.  "Every reasonable shopper knows that the devil is in the details" and "any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA."  *Workman v. Plum, Inc.,* 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015).  While the Ninth Circuit has held that companies may not use ingredient lists to correct affirmative misrepresentations on the front of a package, Plaintiff has not alleged any affirmative misrepresentation here, and she is not free to ignore information elsewhere on the Product label that plainly undermines her claim of deception. *Workman,* 141 F. Supp. at 1036–37; *see also Brown*, 2019 WL 996399, at *4 (rejecting the claim that the use of the term "Flavored" on the front of the package somehow created a "'front-back' bait-and-switch problem" in a product containing artificial ingredients).  Nothing on the Product's package states that it contains only natural ingredients or only natural flavors, and Plaintiff "fails to plausibly allege that a reasonable consumer would simply assume the absence of an artificial ingredients disclosure on the [Product's] front packaging means the product contains only natural ingredients." *Brown*, 2019 WL 996399, at *4.

Even less plausible is Plaintiff's suggestion that consumers might interpret the lack of a front-of-package "Artificially Flavored" statement to indicate that the

13

Product—Ruffles Cheddar & Sour Cream Flavored Potato Chips—is a "natural and health food." FAC ¶¶ 46–49. Plaintiff fails entirely to articulate how the Product's "Cheddar & Sour Cream Flavored" statement on a bag of Ruffles potato chips could hoodwink "health conscious" consumers. *Id.* ¶ 46. And contrary to Plaintiff's theory of deception, the reasonable consumer test does not permit a consumer to "read a true statement on a package" and then "assume things about the products *other than* what the statement actually says." *Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (granting defendant's motion to dismiss where cracker packaging stating "Made with Real Vegetables" would not deceive a reasonable consumer into believing that the product is "*healthy* and contains a *significant amount* of vegetables"); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1091 (N.D. Cal. 2014) (holding it was "utterly implausible" that reasonable consumers would see label statements and "draw conclusions about other totally unrelated nutritional characteristics" or that the products "made only positive contributions to a diet").

Because Plaintiff has not plausibly alleged that a reasonable consumer would be misled by the Product's flavor labeling, her claims fail as a matter of law and should be dismissed with prejudice.

## D.   Plaintiff's Claims For Equitable Relief Fail

Plaintiff's claims for equitable relief under the UCL, FAL, and CLRA should be dismissed because she fails to plausibly allege that she has no adequate remedy at law. It is black letter law that "equitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). The Ninth Circuit has made clear that this principle applies with equal force to claims under California's consumer deception statutes. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA").

Here, Plaintiff has pleaded only claims for equitable relief. The UCL and FAL are exclusively equitable claims. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). And Plaintiff has pleaded only equitable claims under the CLRA. *See* FAC ¶ 78.[5] But her claims for relief are in direct contrast to the alleged injury she seeks to remedy—"lost money," *id.* ¶ 88—which is "a form of harm for which legal damages does seem to be an adequate remedy." *Adams v. Cole Haan, LLC*, No. 20-cv-913, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020).

Plaintiff failed to amend her complaint to seek legal damages, although she recognized her right to do so. *See* FAC ¶ 78. But her failure to do so does not entitle her to pursue solely equitable remedies when an adequate remedy exists at law. Her only effort to establish that she does not have an adequate legal remedy is a perfunctory statement that she "has no other adequate remedy of law to correct this misleading advertising," pointing generally to a supposed "continuing threat" to the public from the Product's labeling. *Id.* ¶ 94–95. This allegation is nothing more than a "conclusory statement about irreparable injury" that "cannot survive a motion to dismiss." *Adams*, 2020 WL 5648605, at *3 (citing *Iqbal*, 556 U.S. at 678).

Plaintiff fails to plausibly plead any basis to believe her alleged economic injury could not be adequately remedied with legal damages. Under *Sonner*, her claims for equitable relief—which, here, includes all claims—should be dismissed.

**E.      This Court Should Award Frito-Lay Attorneys' Fees And Costs**

In addition to dismissing the FAC with prejudice, the Court should also award Frito-Lay the reasonable attorneys' fees and costs incurred in moving to dismiss the FAC. This Court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45

---

[5] Although Plaintiff's Prayer for Relief requests "compensatory, general, statutory, exemplary, and any other damages legally available," Plaintiff does not articulate any basis for granting this relief. FAC, Prayer for Relief ¶ 6.

(1991)); *see also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").[6]   The FAC unquestionably pleads a new theory (or repleads a dismissed theory) in direct violation of this Court's Order.  Order at 6.  Moreover, in pressing this new theory, Plaintiff has demonstrably not undertaken any factual investigation.  In its grant of leave, the Court expressly reminded counsel that any amended pleading must be supported by the reasonable investigation required by Rule 11.  *Id.* at 10.  But the FAC relies on nothing but "information and belief" (FAC ¶ 34) and conclusory assertions (*see, e.g., id.* ¶¶ 6, 33, 37) that confirm no investigation occurred.

     To compound the bad faith, the FAC's theory that diacetyl imparts a sour cream flavor contradicts the position Plaintiff took in her opposition to the motion to dismiss in the first round, where Plaintiff said diacetyl imparts a *cheddar cheese* flavor.  Opp. at 6 n.1.  Plaintiff has taken evolving and inconsistent positions about the role of diacetyl in this Court; the FAC has violated this Court's Order *both* as to the pleading of a foreclosed or new theory and as to the bedrock principle that the new complaint be supported by reasonable investigation.  In these circumstances, an award of attorneys' fees and costs for moving to dismiss these claims is warranted and appropriate.[7]

---

[6]  Frito-Lay will file a particularized motion detailing its fees and expenses within 14 days of this Court's ruling on the motion to dismiss or on such other schedule as the Court determines in accordance with Rule 26 of this Court's Procedures.

[7]  Importantly, even if Plaintiff were now to voluntarily dismiss the FAC, this Court would retain jurisdiction to award sanctions.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (finding that determination of a collateral issue, such as the imposition of attorneys' fees and costs, "may be made after the principal suit has been terminated"); *see also Williamson Family Trust v. CIT Group/Consumer Finance, Inc.*, 205 Fed. App'x. 616 (9th Cir. 2006) (observing that voluntary dismissal does not divest court of jurisdiction to impose sanctions).

1

## CONCLUSION

2      Plaintiff's claims are preempted by federal law, and in any event, no reasonable

3 consumer would be deceived by Frito-Lay's entirely accurate "Cheddar & Sour Cream

4 Flavored" label.  The last time this Court dismissed one of Plaintiff's claims without

5 prejudice, Plaintiff ventured out on a new claim, contrary to this Court's instruction.

6 This Court should now dismiss Plaintiff's FAC in its entirety, with prejudice.  *See*

7 *Hairston v. South Beach Beverage Co.*, No. 12-cv-1429,  2012 WL 1893818, at *3 (C.D.

8 Cal. May 18, 2012) ("A Court does not need to grant leave to amend in cases where the

9 Court determines that permitting a plaintiff to amend would be an exercise in futility.").

10 The Court also should award Frito-Lay reasonable attorneys' fees and costs.

11

12                          Respectfully Submitted,

13

14 Dated:  February 1, 2021              GIBSON, DUNN & CRUTCHER LLP

15

16                          By:    /s/ Andrew S. Tulumello
17                                 Andrew S. Tulumello

18                                 Andrew S. Tulumello, SBN 196484
                                     atulumello@gibsondunn.com
19                                 Chantale Fiebig (*admitted pro hac vice*)
                                     cfiebig@gibsondunn.com
20                                 Arianna M. Scavetti (*admitted pro hac vice*)
                                     ascavetti@gibsondunn.com
21                                 1050 Connecticut Avenue, NW
                                   Washington, DC 20036
22                                 Telephone: (202) 955-8500

23                                 Timothy Loose, SBN 241037
                                     tloose@gibsondunn.com
24                                 333 South Grand Avenue
                                   Los Angeles, CA 90071
25                                 Telephone:  (213) 229-7000

26                                 *Counsel for Defendant Frito-Lay North America, Inc.*

27

28

17

1

2

## <u>CERTIFICATE OF SERVICE</u>

3
      I hereby certify that on February 1, 2021, I electronically filed the foregoing with

4
the Clerk of the Court using the CM/ECF system which will send notification of such

5
filing to the Electronic Service List for this case.

6

7
                        By:  /s/ Andrew S. Tulumello

8
                                Andrew S. Tulumello

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
8:20-cv-00714-JLS-DFM